Honorable Judge Christopher M. Alston
Chapter 13
Location: Seattle
Hearing Date: January 23, 2025
Hearing Time: 9:30 a.m.
Response Due: January 16, 2025

IN THE U.S. BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>GARY ROSENTHAL,<br><br>Debtor(s). | Chapter 13<br><br>Case No. 24-12397-CMA<br><br>**MOTION FOR RELIEF FROM STAY** |

## I. RELIEF REQUESTED

Buda Hill, LLC ("Buda Hill") moves this Court for an order terminating the automatic stay, allowing it to proceed with any and all state law remedies incident to its real property commonly known as 20228 23rd Place NW, Shoreline, WA (the "Property"). Buda Hill purchased the Property at a trustee's sale for $915,100.00 and the Trustee's Deed was delivered prepetition. The Debtor's interest in the Property has been eliminated and Buda Hill is entitled to relief from stay. Buda Hill also requests that the provisions of F.R.B.P 4001(a)(3) be waived so that it may proceed with its state law rights in the Property, including obtaining possession.

## II. STATEMENT OF FACTS

In 2009, to secure a mortgage loan, Debtor granted a Deed of Trust (the "Deed of Trust") that encumbered his property commonly known as 20228 23rd Place NW, Shoreline, WA (the "Property"). Debtor defaulted on the loan and the current beneficiary of the Deed of Trust, NewRez LLC dba Shellpoint Mortgage Servicing ("Shellpoint") commenced a nonjudicial


*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

foreclosure. On May 15, 2024, Quality Loan Service Corporation ("Quality"), as trustee, recorded a Notice of Trustee's Sale scheduling a public auction for 9/20/2024.[1]

The trustee's sale was held on September 20, 2024 at 10:24 am PST.[2] Buda Hill and Eastside Funding, LLC, for security purposes only, were the successful bidders with their bid of $915,100.00.[3] Buda Hill and Eastside Funding, LLC tendered $915,100.00 to Quality and Quality accepted the sale proceeds (the "Sale Proceeds"). The total due to Shellpoint at the time of sale was $363,188.65; accordingly, $363,188.65 of the Sale Proceeds were disbursed to Shellpoint and applied to the debt. The remaining $551,911.35 (the "Surplus Funds") is currently held by Quality.[4]

On September 24, 2024, a Trustee's Deed to Buda Hill and Eastside Funding was executed, acknowledged by a notary, and deposited with the US Mail by 1:51 pm with USPS Tracking No. 9405503699300714091164.[5] Debtor filed this bankruptcy petition at 2:56 pm on the same day, over an hour after the Trustee's Deed was deposited in the US Mail. Dkt. 1.

Eastside Funding received the Trustee's Deed on September 5, 2024 and is currently in possession of the Trustee's Deed and stayed from recording it due to the Debtor's bankruptcy filing. Buda Hill is incurring significant finance charges to Eastside Funding and the Debtor has not provided any adequate protection of Buda Hill's interests in the Property.[6]

Debtor's proposed chapter 13 plan incorrectly assumes that the trustee's sale of the Property did not occur and the loan secured by the Deed of Trust has not been paid in full.

---

[1] Decl. of McDonald at ¶¶2-3; Exhibit A (Notice of Trustee's Sale).
[2] *Id*. at ¶ 4.
[3] *Id*. at ¶¶5-6.
[4] *Id*.
[5] *Id*. at ¶¶ 7-8.
[6] Declaration of Lei (Lisa) Tang at ¶¶ 4-5.



SCHWEET LINDE & ROSENBLUM, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Debtor cannot void the prepetition trustee's sale through confirmation of a chapter 13 plan, or otherwise. Buda Hill will be objecting to the Debtor's proposed amended plan.

## III. ARGUMENT AND AUTHORITY

### 1. Standing

Under 11 U.S.C. § 362, a party seeking relief from stay must be a "party in interest." A "party in interest" may include "any party that has a pecuniary interest in the matter, that has a practical stake in the resolution of the matter or that is impacted by the automatic stay." *In re Nelson*, 2017 WL 745595 at *2 (WDWA Bank. 2017) *citing In re Cruz*, 516 B.R. 594, 602 (9th Cir. BAP 2014) and *Brown v. Sobczak*, 369 B.R. 512, 517-18 (9th Cir. BAP 2007). Buda Hill is a purchaser at an unchallenged foreclosure sale and the Trustee's Deed was legally delivered pre-petition. But for the automatic stay in this case, Buda Hill could record the Trustee's Deed and would be entitled to possession of the Property. This interest is sufficient to allow Buda Hill to bring a motion for relief from stay. *In re Nelson*, 2017 WL 745595 at *2 (WDWA Bank. 2017).

### 2. The Property did not become Property of the Estate

The Debtor did not have an interest in the Property when the petition was filed and, therefore, under § 541(a)(1), the Propety did not become part of the bankruptcy estate. The prepetition trustee's sale was completed when the Trustee's Deed was deposited prepetition in the mail by Quality to Eastside Funding.

The first sentence of RCW 61.24.050 provides that "[u]pon physical delivery of the trustee's deed to the purchaser . . . the trustee's deed shall convey all of the right, title, and interest in the real and personal property sold at the trustee's sale which the grantor had or had the power to convey at the time of the execution of the deed of trust, and such as the grantor may have thereafter acquired." Focusing on this provision, bankruptcy courts in Washington


*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

analyzing pre-petition trustee's sales have ruled that "delivery" of the Trustee's Deed is the point at which a prior owner/debtor loses their interest in the foreclosed property. *In re Bell*, 386 B.R. 282, 292 (2008); *In re Fairbanks*, 2021 WL 3578937 at *3 (9th Cir. BAP 2021) ("Thus, the transfer to the purchaser is not completed, and the owner retains at least some rights in the property, until the forecourse trustee executes and delivers the deed"); *In re Betcham*, 524 B.R. 830, 833 (E.D.WA Bankr 2015); *In re Lopez*, 596 B.R. 371, 373 (E.D.WA Bankr. 2019).

Whether the Trustee's Deed was delivered is a question of state law. *In re Fairbanks*, 2021 WL 3578937 at *3 (9th Cir. BAP 2021). Under Washington law, whether a deed is delivered focuses on the intent of the grantor, and not receipt by the grantee. "[I]t is well settled that, to constitute a valid delivery of a deed, the grantor must not only intend a delivery but part with dominion and control over the deed." *Puckett v. Puckett*, 29 Wn. 2d 15, 18, 185 P.2d 131 (1947). There may be an effective delivery of a deed without actual manual delivery and change of possession, but whether there has been a valid delivery under the circumstances depends upon the intention of the grantor."[7] Furthermore, possession of the deed carries with it a strong presumption of its lawful deliver and that presumption cab be overcome only be clear and convincing evidence. *Hampton v. Gilleland*, 61 Wn.2d 537, 545, 379 P.2d 194 (1963).

Here, Quality, the grantor, signed, acknowledged, and deposited the Trustee's Deed in the US Mail to Eastside Funding before the petition was filed. Quality's physical act of depositing the fully executed Trustee's Deed in the US Mail constitutes delivery because, at that time, Quality gave up its dominion and control over the deed. It is not necessary that the Trustee's Deed was received or manual delivery accomplished prepetition. Eastside Funding, on

---

[7] *Anderson v. Ruberg*, 20 Wn. 2d 103, 107, 145 P.2d 890 (1944); Mathewson v. Shields, 184 Wash. 284, 289, 50 P.2d 898 (1935) ("…the grantor may deliver a deed to a third person for the benefit of the grantee ultimately, and the delivery is good where the grantor parts with all dominion and control over the deed").



*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

its and Buda Hill's behalf, is also in possession of the Trustee's Deed, giving rise to the strong presumption of lawful delivery.

**3. Relief under § 362(d)(1) for cause**

Under § 362(d)(1), a party in interest may request relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest…" § 362(d)(1). Cause for relief under 11 U.S.C. § 362(d)(1) is not defined in the Bankruptcy Code, and a determination as to whether cause exists is done on a case-by-case basis.[8] Buda Hill paid the $915,100.00 purchase price to the foreclosure trustee and is incurring significant financing charges to a third party lender that financed such purchase price. Buda Hill is not adequately protected; the Debtor is not making any payments to Buda Hill and Buda Hill is stayed from perfecting its interest in the Property by recording the Trustee's Deed and exercising its right to possession of the Property which arose on the 20th day following the sale. *See*, *In re Nelson*, 2017 WL 745595 at *4 (W.D.WA Bankr. 2017).

Cause also exists under 362(d)(1) because the Debtor cannot propose a feasible plan that retains the Property. Debtor does not have an interest in the Property and Debtor hasn't taken any steps to invalidate the trustee's sale. Debtor's current plan just assumes the trustee's sale didn't occur. In any event, Debtor cannot unwind a trustee's sale through confirmation of a chapter 13 plan and an adversary proceeding would be necessary under Rule 7001 of the Federal Rules of Bankruptcy Procedure. *See, In re Bell*, 386 B.R. 282, 285 (2008) (Debtor's motion to invalidate trustee's sale denied because is should be the subject of an adversary proceeding).

///

///

---

8 *In re Conejo Enterprises Inc.*, 96 F.3d 346, 352 (9th Cir. 1996).



*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

**4. Relief Under § 362(d)(2)**

Under 11 U.S.C. § 362(d)(2), a court shall terminate, annul, modify or condition the stay if the debtor has no equity in the property and the property is not necessary for an effective reorganization. Debtor does not have equity in the Property and it is not necessary for an effective reorganization. Accordingly, relief from stay should also be granted under § 362(d)(2).

**5. Buda Hill requests that the 14-day stay be waived**

Federal Rule of Bankruptcy Procedure 4001(a)() stays an order granting a motion for relief from the automatic stay for fourteen days after the order is entered, unless the court orders otherwise. Here, 14 days will cause further and unnecessary costs and prejudicial delay to Buda Hill. As such, good cause exists to waive the 14-day stay so that Buda Hill may record the Trustee's Deed and obtain possession of the Property.

## IV. CONCLUSION

For the foregoing reasons, Buda Hill respectfully request that the Court enter an order granting it relief from stay pursuant to §§ 362(d)(1) and (d)(2) and waiving the 14-day stay.

DATED: December 27, 2024

**SCHWEET LINDE & ROSENBLUM, PLLC**

*/s/John A. McIntosh*
John A. McIntosh, WSBA #43113
Attorneys for Buda Hill, LLC



***SCHWEET LINDE & ROSENBLUM, PLLC***
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101