Judge: Christopher M. Alston
Chapter: 13
Hearing Date: January 09, 2025
Hearing Time: 9:30 am
Hearing Location: Judge Alston's Courtroom
700 Stewart St #7206
Seattle, WA 98101-8101

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

GARY ROSENTHAL,

Debtor.

IN CHAPTER 13 PROCEEDING
NO. 24-12397-CMA

TRUSTEE'S OBJECTION TO CONFIRMATION

The Trustee objects to confirmation of the debtor's plan filed December 10, 2024 (ECF No. 29):

1) The plan provides in Section IV.C.8 for the Trustee to make ongoing payments to Specialized Loan Servicing, LLC, but with a $0 Monthly Payment listed. It appears that this debt may have been paid in full from foreclosure proceeds prior to the filing of the present case (ECF No. 40), such that there may not be any ongoing monthly obligation to Specialized Loan Servicing, LLC. (The declaration included with the debtor's plan states that the debtor is in the process of negotiating with the successful bidder at the nonjudicial foreclosure sale to try and avoid litigation as to whether the foreclosure sale was completed prior to filing, see ECF No. 31). And, based on the debtor's inclusion of $0 for the Monthly Payment to this creditor, it appears the debtor may not have intended to have the Trustee make any payments to this creditor. Assuming there is no ongoing payment obligation and/or that the debtor does not intend for the Trustee to make any disbursements to Specialized Loan Servicing, the debtor should amend the plan to remove this creditor from Section IV.C.8., for clarity and accuracy of the administration of the plan.

TRUSTEE'S OBJECTION TO CONFIRMATION - 1

Jason Wilson-Aguilar
Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

2) The debtor did not provide adequate notice of his amended plan. First, while it appears he served the motion to confirm and declaration to creditors, there is not evidence that the plan itself was served to creditors. See the Declaration of Mailing at ECF No. 34. Additionally, the motion to confirm was served on December 13, 2024, which would result in only 27 days' notice, not the 28 days required for plan confirmation. Fed. R. Bankr. P. 2002(b). In any proceeding which is to be accorded finality, due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Mullane v. Central Hanover Bank & Trust Co. et al., 339 U.S. 306, 314 (1950).

3) The plan in Section X requires the debtor to obtain a reverse mortgage by April 30, 2025 to pay secured and administrative claims in full (as well as potentially unsecured claims if there are sufficient proceeds) or failing that, to sell the real estate by August 30, 2025. There appears, however, to be a dispute as to the ownership of the property (ECF No. 40) which, as noted above, the debtor is seeking to resolve through negotiations with the successful bidder at the nonjudicial foreclosure sale. To the extent the plan requires the debtor to incur debt secured by the real estate and/or to sell the real estate, presumably this issue will need to be resolved between the parties prior to confirmation.

4) In sum, the debtor's plan does not satisfy the requirements of 11 U.S.C. § 1325.

5) The Trustee reserves the right to assert additional bases for this objection.

THE TRUSTEE REQUESTS:

That the Court deny confirmation of the debtor's plan and, if appropriate, set deadlines for debtor to file and note a feasible amended plan.

Dated: December 31, 2024  /s/ *Emily A. Jarvis*, WSBA #41841 for
Jason Wilson-Aguilar
Chapter 13 Trustee

Jason Wilson-Aguilar
Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

Case 24-12397-CMA    Doc 41    Filed 12/31/24    Ent. 12/31/24 15:08:38    Pg. 2 of 2