The Honorable Christopher M. Alston
Chapter 13
Hearing Date: January 23, 2025
Hearing Time: 9:30 AM
Hearing Location: Courtroom 7206
Response Due: January 16, 2025

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE:

Gary Rosenthal,

            Debtors.

Case No. 24-12397 - CMA

Chapter: 13

**DEBTOR'S AMENDED OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

## I.    INTRODUCTION

Debtor Gary Rosenthal (the "Debtor") opposes the motion for relief from the automatic stay filed by Buda Hill, LLC ("Movant"). Movant's seeks authorization to record the trustee's deed and take possession of the property located at 20228 23rd Place NW, Shoreline, WA ("Property"). However, the relief is unwarranted because the foreclosure sale was not completed prior to the Debtor's bankruptcy filing. The trustee's deed was neither physically delivered nor recorded before the bankruptcy filing, rendering the Property part of the bankruptcy estate under 11 U.S.C. § 541(a). Furthermore, Mr. Rosenthal retains more than just bare legal title; he holds an equitable interest in the Property sufficient to pursue reorganization under Chapter 13.

Movant seeks relief from the automatic stay under 11 U.S.C. § 362(d)(1) to complete the foreclosure process, specifically to record the trustee's teed and take possession of the Property.

DEBTOR'S AMENDED OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY - 1

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Ave SW
Seattle, WA 98146
Tel# (206) 330-0595

Case 24-12397-CMA    Doc 49    Filed 01/15/25    Ent. 01/15/25 16:33:32    Pg. 1 of 10

However, Movant's request is both procedurally and substantively deficient. First, it overlooks the statutory requirements under RCW 61.24.050, which mandates that title transfers only upon physical delivery of the trustee's deed. The timeline of events is critical: on September 24, 2024, at 1:51 PM, the Trustee executed and mailed the trustee's deed. At 2:56 PM that same day, Gary Rosenthal filed for Chapter 13 bankruptcy. Under Washington law, title does not transfer until the trustee's deed is both physically delivered and recorded. Consequently, at the time the bankruptcy petition was filed, the Debtor retained both legal and equitable interests in the Property.

The foreclosure sale generated $915,000 from the sale, with surplus funds totaling $551,911.35 with surplus funds that were in the Trustee's possession. After the bankruptcy filing, the Trustee sent $363,188.65 to Shellpoint, an apparent violation of the automatic stay pursuant to 11 U.S.C. § 362(a)(3).[1] The disgorgement of funds sent to Shellpoint and the Property itself are essential components of the bankruptcy estate under 11 U.S.C. § 541(a). The Property's substantial value is integral to the Debtor's ability to reorganize successfully under Chapter 13. Any post-petition transfer of funds to Shellpoint impairs the estate. These facts underscore that Movant's claims of ownership are incomplete and unperfected under Washington law and bankruptcy law.

Second, Movant's request does not establish "cause" for relief under 11 U.S.C. § 362(d)(1). Movant has not demonstrated that the Debtor cannot adequately protect Movant's interest in the Property or that the automatic stay unreasonably hinders Movant's rights. The

---

[1] The Debtor understands from discussions with the foreclosing Trustee that Shellpoint is aware of the bankruptcy and is willing to disgorge the funds from the sale upon this court's order.

DEBTOR'S AMENDED OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY - 2

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Ave SW
Seattle, WA 98146
Tel# (206) 330-0595

Case 24-12397-CMA    Doc 49    Filed 01/15/25    Ent. 01/15/25 16:33:32    Pg. 2 of 10

Debtor has shown the ability to propose a Chapter 13 Plan to pay all creditors and make monthly plan payments. Furthermore, Buda Hill, LLC is listed as a creditor in the Debtor's schedules but has yet to file a proof of claim.

Movant's reliance on state case law regarding "delivery" is misplaced as the cited cases either involve distinguishable facts or predate significant legislative amendments to the Deed of Trust Act ("DTA") in 2012 and 2023. Moreover, the Debtor has the financial means to provide adequate protection payments to the purchaser until the Property is refinanced or sold through the Chapter 13 Plan.

For these reasons, relief from the automatic stay under 11 U.S.C. § 362(d) should be denied.

## II. LEGAL ARGUMENT

### A. The Property Is Part of the Bankruptcy Estate

Under 11 U.S.C. § 541(a), the bankruptcy estate includes all legal or equitable interests of the debtor in property as of the commencement of the case. The Bankruptcy Code relies on state law to determine the nature and scope of a debtor's property interests. As explained by the Supreme Court in *Butner v. United States*, 440 U.S. 48, 55 (1979), "[p]roperty interests are created and defined by state law. Absent a federal interest necessitating a different outcome, there is no justification for treating these interests differently merely because they arise in the context of a bankruptcy proceeding." Under Washington law, Rosenthal retained an interest in his home at the time he filed for bankruptcy.

#### 1. The Role of Delivery in Establishing Title

Under Washington law, ownership of property sold at a nonjudicial foreclosure sale does not transfer until the trustee's deed is delivered to the purchaser. *In re Fairbanks,* BAP No. WW-

DEBTOR'S AMENDED OPPOSITION TO MOTION FOR
RELIEF FROM THE AUTOMATIC STAY - 3

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Ave SW
Seattle, WA 98146
Tel# (206) 330-0595

Case 24-12397-CMA    Doc 49    Filed 01/15/25    Ent. 01/15/25 16:33:32    Pg. 3 of 10

21-1019, 2021 Bankr. LEXIS 2209 at*8 (B.A.P. 9th Cir., August 12, 2021). The relevant statute states:

> "Upon physical delivery of the trustee's deed to the purchaser……the trustee's deed shall convey all of the right, title, and interest in the real and personal property…."

RCW 61.24.050(1). This statutory requirement was clarified through a 2012 amendment to RCW 61.24.050(1), which replaced the ambiguous term "delivery" with the explicit requirement of "physical delivery." Request for Judicial Notice, Exhibit A, at p. 40, ln. 32-34. This change underscored that receipt of the trustee's deed by the purchaser is the definitive act of conveyance following a nonjudicial foreclosure sale. Furthermore, recent updates to RCW 61.24.040(11) in 2023 reaffirm that the Trustee's discretionary authority to invalidate a sale, even when the purchaser is a third party. Request for Judicial Notice, Exhibit B, p. 20, ln. 8-10. These amendments are part of a broader effort to enhance borrower protections, allowing for the correction of errors and granting Trustees explicit authority to void foreclosure sales due to procedural irregularities, even if the trustee's deed is still in transit. RCW 61.24.050(2)(a)(i)-(iii).

Additionally, a bankruptcy filing prior to the completed delivery of the trustee's deed constitutes a procedural irregularity capable of voiding a foreclosure sale. This principle was upheld in *In re Nelson*, No. 16-44597, 2017 Bankr. LEXIS 529, 2017 WL 745595, at *3-4 (Bankr. W.D. Wash. Feb. 24, 2017).

Movant's argument that depositing the trustee's deed in the mail constitutes "delivery" fails to meet the statutory standard of "physical delivery." Mailing the trustee's deed does not fulfill the requirement that the purchaser physically receive it, as mandated by RCW 61.24.050(1). RCW 61.24.050(1) ("Upon physical delivery ….. to the purchaser…"). This provision ensures the trustee retains dominion and control over the trustee's deed while in transit

DEBTOR'S AMENDED OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY - 4

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Ave SW
Seattle, WA 98146
Tel# (206) 330-0595

Case 24-12397-CMA    Doc 49    Filed 01/15/25    Ent. 01/15/25 16:33:32    Pg. 4 of 10

and until it is physically received by the purchaser, providing greater clarity and protection to borrowers. RCW 61.24.050(2)(a)(i)-(iii)). This statutory change renders the mere mailing of the trustee's deed insufficient to finalize the transfer of ownership; physical receipt by the purchaser is mandatory for the conveyance to be complete.

The Ninth Circuit Bankruptcy Appellate Panel in *Fairbanks*, recognized this deliberative role of the Trustee to fix procedural irregularities under RCW 61.24.050(2) as determinative in an analysis of whether the Debtor had at least some interest in property. 2021 Bankr. LEXIS 2209, at *14-15. Examining bankruptcy principles, the *Fairbanks* court held that the conveyance of property via delivery of the trustee's deed was more than a ministerial act, thereby invoking the automatic stay under 11 U.S.C. § 362(a). *Id.* However, in *Fairbanks*, the debtor filed bankruptcy before the execution of a trustee's deed, which differs from the facts in this case.

Here, the most analogous case is *In re Bell,* where the court analyzed a conveyance under RCW 61.24.050(1) in light of a bankruptcy filing. The *Bell* court held that a bankruptcy filing the day *after* the delivery of the trustee's deed effectively conveyed the property to the purchaser, divesting the debtor of any interest in the property. 86 B.R. 282, 284 (Bankr. W.D.WA 2008). In *Bell*, it was presumed that delivery was complete and that the trustee's deed was received, as the only issue in the case was whether the lack of recording before the bankruptcy filing left any residual property rights for the debtor.

In contrast, in this case, all parties agree that the purchaser had not received the trustee's deed before the bankruptcy filing. Moreover, *Bell* was decided before the 2012 amendments to RCW 61.24.050(1), which clarified the statutory requirement for physical delivery.

The amended RCW 61.24.050(1) establishes a stricter standard for delivery than what the courts analyzed in *Bell* and *Fairbank*, requiring that "physical delivery" of the trustee's deed is

DEBTOR'S AMENDED OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY - 5

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Ave SW
Seattle, WA 98146
Tel# (206) 330-0595

Case 24-12397-CMA    Doc 49    Filed 01/15/25    Ent. 01/15/25 16:33:32    Pg. 5 of 10

necessary to finalize the transfer of title following a non-judicial foreclosure sale. The key issue in this case is the legislature's intent in specifying "physical delivery." RCW 61.24.050(1). The Debtor contends that the change was meant to ensure a definitive and verifiable moment of transfer, precluding indirect or constructive methods, such as mailing, to satisfy the delivery requirement.

This interpretation is further supported by the Trustee's retained discretion under RCW 61.24.050(2)(a)(i)-(iii) to void a foreclosure sale prior to the completion of physical delivery, emphasizing that the transfer of title is not finalized until the deed is physically received by the purchaser. This requirement ensures the Trustee retains dominion and control over the deed while in transit and until it is physically received by the purchaser, providing greater clarity and protection to borrowers. RCW 61.24.050(2)(a)(i)-(iii)).

The principles underlying physical delivery in Washington law are reinforced by use of the same term in the Uniform Commercial Code (UCC) concerning the purchase and sale of goods. For instance, the reasoning in *Mannington Carpets v. Hazelrigg*, 94 Wn. App. 899, 909, 973 P.2d 1103 (1999), is instructive. In *Mannington*, a dispute arose over whether a seller had fulfilled its obligation to deliver goods under the terms of a contract has the right to a materialman's lien. The seller argued that shipping the goods constituted "delivery," but the court clarified that "deliver" encompasses the ***actual physical delivery of goods*** to their intended destination—not merely their shipment. The court noted that under Article 2 of the U.C.C., the point at which delivery occurs or purposes of the right to a lien depends on when the goods physically reach the agreed-upon location and are made available to the buyer.

This distinction in *Mannington* illustrates the broader principle that "physical delivery" involves more than an intermediary act like mailing or shipping—it requires the goods (or

DEBTOR'S AMENDED OPPOSITION TO MOTION FOR
RELIEF FROM THE AUTOMATIC STAY - 6

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Ave SW
Seattle, WA 98146
Tel# (206) 330-0595

Case 24-12397-CMA    Doc 49    Filed 01/15/25    Ent. 01/15/25 16:33:32    Pg. 6 of 10

documents) to arrive at their intended recipient to fulfill the legal requirement. Similarly, in the context of RCW 61.24.050(1), the act of depositing the trustee's deed in the mail does not satisfy the statutory mandate for "physical delivery" and therefore, the conveyance of title to the purchaser in this case was incomplete at the time of the bankruptcy filing. This procedural irregularity of the bankruptcy filing renders the sale invalid under both the Deed of Trust Act and federal bankruptcy law. Just as the shipment of goods does not equate to physical delivery in *Mannington*, the mailing of a deed cannot constitute physical delivery under RCW 61.24.050(1) because the deed has not yet reached its intended destination: the purchaser.

2. **The Cases the Movant Relies on are Distinguishable**

The term "deliver" historically encompasses two meanings: the simple physical act of transferring a document to another person, or that act coupled with the intent to create a binding legal obligation. *Garrison v. Anderson*, 149 Wash. 281, 283 (1928). In contexts outside nonjudicial foreclosure, courts have occasionally prioritized intent over manual delivery, as seen in cases like *Puckett v. Puckett*, 29 Wn.2d 15, 18, 185 P.2d 131 (1947); and *Anderson v. Ruberg*, 20 Wn. 2d 103, 107, 145 P.2d 890 (1944). While these cases affirm the principle that intent and the relinquishment of dominion and control of the grantor to convey title, Movant's reliance on them is misplaced because these precedents predate the significant changes introduced by the 2012 amendments to DTA and are thus limited to the transfer of deeds outside of the foreclosure context. Likewise, Movant cites bankruptcy cases, *Wilmington Sav. Fund Soc'y, FSB v. Fairbanks (In re Fairbanks)*, 2021 Bankr. LEXIS 2209, *8; *In re Lopez*, 596 B.R. 371, 373 (Bankr. E.D. Wash. 2019), *In re Bell*, 386 B.R. 282, 292 (2008), and *In re Betchan*, 524 B.R. 830, 834-35 (Bankr. E.D. Wash. 2015) to argue that conveyance occurs at the moment the debtor's interest in property transfers to the purchaser. These cases demonstrate that conveyance

DEBTOR'S AMENDED OPPOSITION TO MOTION FOR
RELIEF FROM THE AUTOMATIC STAY - 7

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Ave SW
Seattle, WA 98146
Tel# (206) 330-0595

Case 24-12397-CMA    Doc 49    Filed 01/15/25    Ent. 01/15/25 16:33:32    Pg. 7 of 10

is the act that transfers all the of the debtor's interest in property for purposes of a bankruptcy case, but they are distinguishable because they do not address the specific statutory requirement of "physical delivery" introduced by the 2012 amendments to RCW 61.24.050(1).

As to *Hampton v. Gilleland*, 61 Wn.2d 537, 545, 379 P.2d 194 (1963), it is undisputed that the purchaser did not physically receive the trustee's deed until after the bankruptcy filing. Receipt and possession of the trustee's deed *after* a bankruptcy filing is irrelevant under RCW 61.24.050(1), and any presumption arising from possession is rebutted by the statutory mandate that the physical delivery must occur before title can transfer. In this instance, that requirement was not met.

**B.  Adequate Protection Under 11 U.S.C. § 361**

Under 11 U.S.C. § 362(d)(1), relief from the automatic stay may be granted for "cause," including the lack of adequate protection of a party's interest in property. However, in this case, the Debtor has the ability to provide adequate protection to Movant's interest in the Property, making relief from the stay unwarranted.

Since the filing of this case, the Debtor has made his plan payments of $1,310.00 a month and to date has received only two unsecured proofs of claim. By the time of hearing, the court will have received three plan payments and after the Trustee fee will have $3,636 ready for disbursement. Amended Declaration of Gary Rosenthal, at ¶ 6. The Debtor has also received $12,000 since the bankruptcy filing as part of an inherited annuity that was disclosed in the bankruptcy schedules and has obtained family commitments for more immediate funds of at least $20,000 if needed to pay the interest and costs as adequate protection to Buda Hill, LLC until the foreclosure or sale of the property. *Id*., at ¶ 4-5. The movant's declaration from Lei (Lisa) Tang says that the monthly interest costs on the loan are $8,531.51 with a maturity on February 20,

DEBTOR'S AMENDED OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY - 8

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Ave SW
Seattle, WA 98146
Tel# (206) 330-0595

Case 24-12397-CMA    Doc 49    Filed 01/15/25    Ent. 01/15/25 16:33:32    Pg. 8 of 10

2025. Since the filing of Movant's motion, the Debtor has also received additional funds from his later mother and thus will have the $34,126.04 needed to provide Buda Hill, LLC with adequate protection if the court orders that remedy. Supplemental Declaration of Gary Rosenthal, at ¶ 4.

As the Debtor included Buda Hill, LLC on the schedules as a creditor with a potential claim of $70,000, he always contemplated that Buda Hill, LLC could be owed something, but to date they have not filed any proof of claim, and it was only with these declarations attached to the motion for relief from stay that he became aware of the amount of the interest accruing. In any event, the Debtor is more than willing to enter into an order granting Buda Hill, LLC adequate protection for an amount that compensates them for interest, costs, and any other amounts the court requires. The Debtor also expects to have the reverse mortgage completed prior to the maturity of Buda Hill's loan. Supplemental Declaration of Gary Rosenthal, at ¶ 5.

1. **The 14 Day Stay Should not be Waived**

The Court should deny movant's request to waive the 14-day stay under Federal Rule of Bankruptcy Procedure 4001(a). Appellate courts have not had an opportunity to address the legal issues in this case and if the Debtor should fail to convince this court to refrain from granting relief from stay, he should have the ability to raise these argument with the appellate court before relief from stay is granted.

### III. CONCLUSION

For the foregoing reasons, Gary Rosenthal respectfully requests that the Court deny Movant's motion for relief from the automatic stay. The trustee's deed was not physically delivered to the purchaser before the bankruptcy filing, leaving the transfer of title incomplete and the Property within the bankruptcy estate. Retaining the stay is necessary to preserve the

DEBTOR'S AMENDED OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY - 9

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Ave SW
Seattle, WA 98146
Tel# (206) 330-0595

Case 24-12397-CMA    Doc 49    Filed 01/15/25    Ent. 01/15/25 16:33:32    Pg. 9 of 10

Debtor's estate, protect the interests of creditors, and ensure the integrity of the bankruptcy process and if for some reason the court disagrees, the 14-day stay under Federal Rule of Bankruptcy Procedure 4001(a) should not be waived.

Dated this January 15, 2025

SEATTLE CONSUMER JUSTICE, P.S.

By: */s/ Christina L. Henry*
Christina L. Henry, WSBA #31273
Attorney for the Debtors
10728 16th Ave SW
Seattle, WA 98148
Tel# 206-330-0595
Fax# 206-400-7609
chenry@seacj.com

DEBTOR'S AMENDED OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY - 10

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Ave SW
Seattle, WA 98146
Tel# (206) 330-0595

Case 24-12397-CMA    Doc 49    Filed 01/15/25    Ent. 01/15/25 16:33:32    Pg. 10 of 10