# EXHIBIT A

CERTIFICATION OF ENROLLMENT

**ENGROSSED SUBSTITUTE HOUSE BILL 2614**

Chapter 185, Laws of 2012

62nd Legislature
2012 Regular Session

HOMEOWNERS IN CRISIS--ASSISTANCE

EFFECTIVE DATE: 06/07/12 - Except section 12, which becomes
effective 03/29/12.

Passed by the House March 6, 2012
  Yeas 97  Nays 0

           FRANK CHOPP
**Speaker of the House of Representatives**

Passed by the Senate March 5, 2012
  Yeas 47  Nays 1

           BRAD OWEN
**President of the Senate**

Approved March 29, 2012, 7:19 p.m.

CERTIFICATE

I, Barbara Baker, Chief Clerk of
the House of Representatives of
the State of Washington, do hereby
certify that the attached is
**ENGROSSED SUBSTITUTE HOUSE BILL
2614** as passed by the House of
Representatives and the Senate on
the dates hereon set forth.

           BARBARA BAKER

           **Chief Clerk**

FILED

March 29, 2012

      CHRISTINE GREGOIRE
**Governor of the State of Washington**

Secretary of State
State of Washington

_____

**ENGROSSED SUBSTITUTE HOUSE BILL 2614**
_____

AS AMENDED BY THE SENATE

Passed Legislature - 2012 Regular Session

**State of Washington**      **62nd Legislature**      **2012 Regular Session**

**By** House Judiciary (originally sponsored by Representatives Kenney, Ryu, Hasegawa, and Santos)

READ FIRST TIME 01/31/12.

1     AN ACT Relating to assisting homeowners in crisis by providing
2     alternatives, remedies, and assistance; amending RCW 18.86.120,
3     4.16.040, 61.24.031, 61.24.160, 61.24.163, 61.24.169, 61.24.174,
4     61.24.030, 61.24.040, 61.24.172, 61.24.010, and 61.24.050; adding a new
5     section to chapter 64.04 RCW; adding a new section to chapter 61.24
6     RCW; and declaring an emergency.

7     BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF WASHINGTON:

8     <u>NEW SECTION.</u> **Sec. 1.** A new section is added to chapter 64.04 RCW
9     to read as follows:

10     (1) If the beneficiary or mortgagee, or its assignees, of debt
11     secured by owner-occupied real property intends to release its deed of
12     trust or mortgage in the real property for less than full payment of
13     the secured debt, it shall provide upon its first written notice to the
14     borrower the following information in substantially the following form:

15     "To: [Name of borrower]      DATE:

16     Please take note that [name of beneficiary or mortgagee, or its
17     assignees], in releasing its security interest in this owner-occupied
18     real property, [waives or reserves] the right to collect that amount

1   that constitutes full payment of the secured debt.  The amount of debt
2   outstanding as of the date of this letter is $. . . . . ..  However,
3   nothing in this letter precludes the borrower from negotiating with the
4   [name of beneficiary or mortgagee, or its assignees] for a full release
5   of this outstanding debt.

6       If [name of beneficiary or mortgagee, or its assignees] does not
7   initiate a court action to collect the outstanding debt within three
8   years on the date which it released its security interest, the right to
9   collect the outstanding debt is forfeited."

10      (2) If the beneficiary or mortgagee, or its assignees, of debt
11  secured by owner-occupied real property intends to pursue collection of
12  the outstanding debt, it must initiate a court action to collect the
13  remaining debt within three years from the date on which it released
14  its deed of trust or mortgage in the owner-occupied real property or
15  else it forfeits any right to collect the remaining debt.

16      (3) This section applies only to debts incurred by individuals
17  primarily for personal, family, or household purposes.  This section
18  does not apply to debts for business, commercial, or agricultural
19  purposes.

20      (4) For the purposes of this section, "owner-occupied real
21  property" means real property consisting solely of a single-family
22  residence, a residential condominium unit, or a residential cooperative
23  unit that is the principal residence of the borrower.


24      **Sec. 2.**  RCW 18.86.120 and 1997 c 217 s 7 are each amended to read
25  as follows:

26      (1) The pamphlet required under RCW 18.86.030(1)(f) shall consist
27  of the entire text of RCW 18.86.010 through 18.86.030 and 18.86.040
28  through 18.86.110 with a separate cover page.  The pamphlet shall be 8
29  1/2 by 11 inches in size, the text shall be in print no smaller than
30  10-point type, the cover page shall be in print no smaller than 12-
31  point type, and the title of the cover page "The Law of Real Estate
32  Agency" shall be in print no smaller than 18-point type.  The cover
33  page shall be in the following form:

34                          **The Law of Real Estate Agency**

1    This pamphlet describes your legal rights in dealing

2    with a real estate broker or salesperson.  Please read it

3    carefully before signing any documents.

4    The following is only a brief summary of the attached law:

5    Sec. 1. Definitions.  Defines the specific terms used in the

6    law.

7    Sec. 2. Relationships between Licensees and the Public. States

8    that a licensee who works with a buyer or tenant represents

9    that buyer or tenant--unless the licensee is the listing agent,

10   a seller's subagent, a dual agent, the seller personally or the

11   parties agree otherwise.  Also states that in a transaction

12   involving two different licensees affiliated with the same

13   broker, the broker is a dual agent and each licensee solely

14   represents his or her client--unless the parties agree in

15   writing that both licensees are dual agents.

16   Sec. 3. Duties of a Licensee Generally.  Prescribes the duties

17   that are owed by all licensees, regardless of who the licensee

18   represents.  Requires disclosure of the licensee's agency

19   relationship in a specific transaction.

20   Sec. 4. Duties of a Seller's Agent.  Prescribes the additional

21   duties of a licensee representing the seller or landlord only.

22   Sec. 5. Duties of a Buyer's Agent.  Prescribes the additional

23   duties of a licensee representing the buyer or tenant only.

24   Sec. 6. Duties of a Dual Agent.  Prescribes the additional

25   duties of a licensee representing both parties in the same

26   transaction, and requires the written consent of both parties

27   to the licensee acting as a dual agent.

28   Sec. 7. Duration of Agency Relationship.  Describes when an

29   agency relationship begins and ends.  Provides that the duties

30   of accounting and confidentiality continue after the

31   termination of an agency relationship.

32   Sec. 8. Compensation.  Allows brokers to share compensation

33   with cooperating brokers.  States that payment of compensation

34   does not necessarily establish an agency relationship. Allows

1  brokers to receive compensation from more than one party in a
2  transaction with the parties' consent.
3  Sec. 9. Vicarious Liability. Eliminates the common law
4  liability of a party for the conduct of the party's agent or
5  subagent, unless the agent or subagent is insolvent. Also limits the liability of a
6  associated with a different broker.
7  Sec. 10. Imputed Knowledge and Notice. Eliminates the common
8  law rule that notice to or knowledge of an agent constitutes
9  notice to or knowledge of the principal.
10 Sec. 11. Interpretation. This law replaces the fiduciary
11 duties owed by an agent to a principal under the common law, to
12 the extent that it conflicts with the common law.

13 (2)(a) The pamphlet required under RCW 18.86.030(1)(f) must also
14 include the following disclosure: When the seller of owner-occupied
15 residential real property enters into a listing agreement with a real
16 estate licensee where the proceeds from the sale may be insufficient to
17 cover the costs at closing, it is the responsibility of the real estate
18 licensee to disclose to the seller in writing that the decision by any
19 beneficiary or mortgagee, or its assignees, to release its interest in
20 the real property, for less than the amount the borrower owes, does not
21 automatically relieve the seller of the obligation to pay any debt or
22 costs remaining at closing, including fees such as the real estate
23 licensee's commission.
24 (b) For the purposes of this subsection, "owner-occupied real
25 property" means real property consisting solely of a single-family
26 residence, a residential condominium unit, or a residential cooperative
27 unit that is the principal residence of the borrower.

28 **Sec. 3.** RCW 4.16.040 and 2007 c 124 s 1 are each amended to read
29 as follows:
30 The following actions shall be commenced within six years:
31 (1) An action upon a contract in writing, or liability express or
32 implied arising out of a written agreement, except as provided for in
33 section 1(2) of this act.
34 (2) An action upon an account receivable. For purposes of this
35 section, an account receivable is any obligation for payment incurred
36 in the ordinary course of the claimant's business or profession,

1  whether arising from one or more transactions and whether or not earned
2  by performance.
3     (3) An action for the rents and profits or for the use and
4  occupation of real estate.

5     **Sec. 4.** RCW 61.24.031 and 2011 c 58 s 5 are each amended to read
6  as follows:
7     (1)(a) A trustee, beneficiary, or authorized agent may not issue a
8  notice of default under RCW 61.24.030(8) until: (i) Thirty days after
9  ((~~initial contact with the borrower was initiated as required under (b)~~
10 ~~of this subsection or thirty days after~~)) satisfying the due diligence
11 requirements as described in subsection (5) of this section and the
12 borrower has not responded; or (ii) if the borrower responds to the
13 initial contact, ninety days after the initial contact with the
14 borrower was initiated.
15    (b) A beneficiary or authorized agent shall make initial contact
16 with the borrower by letter to provide the borrower with information
17 required under (c) of this subsection and by telephone as required
18 under subsection (5) of this section. The letter required under this
19 subsection must be mailed in accordance with subsection (5)(a) of this
20 section and must include the information described in (c) of this
21 subsection and subsection (5)(e)(i) through (iv) of this section.
22    (c) The letter required under this subsection, developed by the
23 department pursuant to RCW 61.24.033, at a minimum shall include:
24    (i) A paragraph printed in no less than twelve-point font and
25 bolded that reads:
26    "You must respond within thirty days of the date of this letter.
27 IF YOU DO NOT RESPOND within thirty days, a notice of default may be
28 issued and you may lose your home in foreclosure.
29    IF YOU DO RESPOND within thirty days of the date of this letter,
30 you will have an additional sixty days to meet with your lender before
31 a notice of default may be issued.
32    You should contact a housing counselor or attorney as soon as
33 possible. Failure to contact a housing counselor or attorney may
34 result in your losing certain opportunities, such as meeting with your
35 lender or participating in mediation in front of a neutral third party.
36 A housing counselor or attorney can help you work with your lender to
37 avoid foreclosure.

1    <u>If you filed bankruptcy or have been discharged in bankruptcy, this</u>
2    <u>communication is not intended as an attempt to collect a debt from you</u>
3    <u>personally, but is notice of enforcement of the deed of trust lien</u>
4    <u>against the property.  If you wish to avoid foreclosure and keep your</u>
5    <u>property, this notice sets forth your rights and options.";</u>

6        (ii)  The  toll-free  telephone  number  from  the  United  States
7    department  of  housing  and  urban  development  to  find  a  department-
8    approved  housing  counseling  agency,  the  toll-free  numbers  for  the
9    statewide  foreclosure  hotline  recommended  by  the  housing  finance
10   commission,  and  the  statewide  civil  legal  aid  hotline  for  assistance
11   and referrals to other housing counselors and attorneys;

12       (iii) A paragraph stating that a housing counselor may be available
13   at  little  or  no  cost  to  the  borrower  and  that  whether  or  not  the
14   borrower contacts a housing counselor or attorney, the borrower has the
15   right to request a meeting with the beneficiary; and

16       (iv) A paragraph explaining how the borrower may respond to the
17   letter  and  stating  that  after  responding  the  borrower  will  have  an
18   opportunity  to  meet  with  his  or  her  beneficiary  in  an  attempt  to
19   resolve and try to work out an alternative to the foreclosure and that,
20   after ninety days from the date of the letter, a notice of default may
21   be issued, which starts the foreclosure process.

22       (d)  If  the  beneficiary  has  exercised  due  diligence  as  required
23   under subsection (5) of this section and the borrower does not respond
24   by  contacting  the  beneficiary  within  thirty  days  of  the  initial
25   contact, the notice of default may be issued.  "Initial contact" with
26   the borrower is considered made three days after the date the letter
27   required in (b) of this subsection is sent.

28       (e) If a meeting is requested by the borrower or the borrower's
29   housing  counselor  or  attorney,  the  beneficiary  or  authorized  agent
30   shall  schedule  the  meeting  to  occur  before  the  notice  of  default  is
31   issued.  An assessment of the borrower's financial ability to modify or
32   restructure the loan obligation and a discussion of options must occur
33   during the meeting scheduled for that purpose.

34       (f)  The  meeting  scheduled  to  assess  the  borrower's  financial
35   ability  to  modify  or  restructure  the  loan  obligation  and  discuss
36   options  to  avoid  foreclosure  ((~~must—be—in—person,—unless—the~~
37   ~~requirement to meet in person is waived in writing by the borrower or~~
38   ~~the borrower's representative.  A person who is authorized to modify~~

1    ~~the loan obligation or reach an alternative resolution to foreclosure~~
2    ~~on behalf of the beneficiary may participate by telephone or video~~
3    ~~conference, so long as a representative of the beneficiary is at the~~
4    ~~meeting in person~~)) may be held telephonically, unless the borrower or
5    borrower's representative requests in writing that a meeting be held in
6    person.  The written request for an in-person meeting must be made
7    within thirty days of the initial contact with the borrower.  If the
8    meeting is requested to be held in person, the meeting must be held in
9    the county where the borrower resides.  A person who is authorized to
10   agree to a resolution, including modifying or restructuring the loan
11   obligation or other alternative resolution to foreclosure on behalf of
12   the beneficiary, must be present either in person or on the telephone
13   or video conference during the meeting.

14        (2) A notice of default issued under RCW 61.24.030(8) must include
15   a declaration, as provided in subsection (9) of this section, from the
16   beneficiary or authorized agent that it has contacted the borrower as
17   provided in subsection (1) of this section, it has tried with due
18   diligence to contact the borrower under subsection (5) of this section,
19   or the borrower has surrendered the property to the trustee,
20   beneficiary, or authorized agent.  Unless the trustee has violated his
21   or her duty under RCW 61.24.010(4), the trustee is entitled to rely on
22   the declaration as evidence that the requirements of this section have
23   been satisfied, and the trustee is not liable for the beneficiary's or
24   its authorized agent's failure to comply with the requirements of this
25   section.

26        (3) If, after the initial contact under subsection (1) of this
27   section, a borrower has designated a housing counseling agency, housing
28   counselor, or attorney to discuss with the beneficiary or authorized
29   agent, on the borrower's behalf, options for the borrower to avoid
30   foreclosure, the borrower shall inform the beneficiary or authorized
31   agent and provide the contact information to the beneficiary or
32   authorized agent.  The beneficiary or authorized agent shall contact
33   the designated representative for the borrower to meet.

34        (4) The beneficiary or authorized agent and the borrower or the
35   borrower's representative shall attempt to reach a resolution for the
36   borrower within the ninety days from the time the initial contact is
37   sent and the notice of default is issued.  A resolution may include,
38   but is not limited to, a loan modification, an agreement to conduct a

1   short sale, or a deed in lieu of foreclosure transaction, or some other
2   workout plan. Any modification or workout plan offered at the meeting
3   with the borrower's designated representative by the beneficiary or
4   authorized agent is subject to approval by the borrower.

5   (5) A notice of default may be issued under RCW 61.24.030(8) if a
6   beneficiary or authorized agent has initiated contact with the borrower
7   as required under subsection (1)(b) of this section and the failure to
8   meet with the borrower occurred despite the due diligence of the
9   beneficiary or authorized agent. Due diligence requires the following:

10   (a) A beneficiary or authorized agent shall first attempt to
11   contact a borrower by sending a first-class letter to the address in
12   the beneficiary's records for sending account statements to the
13   borrower and to the address of the property encumbered by the deed of
14   trust. The letter must be the letter described in subsection (1)(c) of
15   this section.

16   (b)(i) After the letter has been sent, the beneficiary or
17   authorized agent shall attempt to contact the borrower by telephone at
18   least three times at different hours and on different days. Telephone
19   calls must be made to the primary and secondary telephone numbers on
20   file with the beneficiary or authorized agent.

21   (ii) A beneficiary or authorized agent may attempt to contact a
22   borrower using an automated system to dial borrowers if the telephone
23   call, when answered, is connected to a live representative of the
24   beneficiary or authorized agent.

25   (iii) A beneficiary or authorized agent satisfies the telephone
26   contact requirements of this subsection (5)(b) if the beneficiary or
27   authorized agent determines, after attempting contact under this
28   subsection (5)(b), that the borrower's primary telephone number and
29   secondary telephone number or numbers on file, if any, have been
30   disconnected or are not good contact numbers for the borrower.

31   <u>(iv) The telephonic contact under this subsection (5)(b) does not</u>
32   <u>constitute the meeting under subsection (1)(f) of this section.</u>

33   (c) If the borrower does not respond within fourteen days after the
34   telephone call requirements of (b) of this subsection have been
35   satisfied, the beneficiary or authorized agent shall send a certified
36   letter, with return receipt requested, to the borrower at the address
37   in the beneficiary's records for sending account statements to the
38   borrower and to the address of the property encumbered by the deed of

1    trust.  The letter must include the information described in (e)(i)
2    through (iv) of this subsection.  The letter must also include a
3    paragraph stating: "Your failure to contact a housing counselor or
4    attorney may result in your losing certain opportunities, such as
5    meeting with your lender or participating in mediation in front of a
6    neutral third party."

7        (d) The beneficiary or authorized agent shall provide a means for
8    the borrower to contact the beneficiary or authorized agent in a timely
9    manner, including a toll-free telephone number or charge-free
10   equivalent that will provide access to a live representative during
11   business hours for the purpose of initiating and scheduling the meeting
12   under subsection (1)(f) of this section.

13       (e) The beneficiary or authorized agent shall post a link on the
14   home page of the beneficiary's or authorized agent's internet web site,
15   if any, to the following information:

16       (i) Options that may be available to borrowers who are unable to
17   afford their mortgage payments and who wish to avoid foreclosure, and
18   instructions to borrowers advising them on steps to take to explore
19   those options;

20       (ii) A list of financial documents borrowers should collect and be
21   prepared to present to the beneficiary or authorized agent when
22   discussing options for avoiding foreclosure;

23       (iii) A toll-free telephone number or charge-free equivalent for
24   borrowers who wish to discuss options for avoiding foreclosure with
25   their beneficiary or authorized agent; and

26       (iv) The toll-free telephone number or charge-free equivalent made
27   available by the department to find a department-approved housing
28   counseling agency.

29       (6) Subsections (1) and (5) of this section do not apply if ((any
30   of the following occurs:

31       (a))) the borrower has surrendered the property as evidenced by
32   either a letter confirming the surrender or delivery of the keys to the
33   property to the trustee, beneficiary, or authorized agent((; or

34       (b) The borrower has filed for bankruptcy, and the bankruptcy stay
35   remains in place, or the borrower has filed for bankruptcy and the
36   bankruptcy court has granted relief from the bankruptcy stay allowing
37   enforcement of the deed of trust)).

1     (7)(a) This section applies only to deeds of trust that are
2 recorded against owner-occupied residential real property. This
3 section does not apply to deeds of trust: (i) Securing a commercial
4 loan; (ii) securing obligations of a grantor who is not the borrower or
5 a guarantor; or (iii) securing a purchaser's obligations under a
6 seller-financed sale.

7     (b) This section does not apply to association beneficiaries
8 subject to chapter 64.32, 64.34, or 64.38 RCW.

9     (8) As used in this section:

10    (a) "Department" means the United States department of housing and
11 urban development.

12    (b) "Seller-financed sale" means a residential real property
13 transaction where the seller finances all or part of the purchase
14 price, and that financed amount is secured by a deed of trust against
15 the subject residential real property.

16    (9) The form of declaration to be provided by the beneficiary or
17 authorized agent as required under subsection (2) of this section must
18 be in substantially the following form:

19               **"FORECLOSURE LOSS MITIGATION FORM**

20 **Please select applicable option(s) below.**

21    The undersigned beneficiary or authorized agent for the beneficiary
22 hereby represents and declares under the penalty of perjury that [check
23 the applicable box and fill in any blanks so that the trustee can
24 insert, on the beneficiary's behalf, the applicable declaration in the
25 notice of default required under chapter 61.24 RCW]:

26    (1) [ ] The beneficiary or beneficiary's authorized agent has
27 contacted the borrower under, and has complied with, RCW 61.24.031
28 (contact provision to "assess the borrower's financial ability to pay
29 the debt secured by the deed of trust and explore options for the
30 borrower to avoid foreclosure") and the borrower did not request a
31 meeting.

32    (2) [ ] The beneficiary or beneficiary's authorized agent has
33 contacted the borrower as required under RCW 61.24.031 and the borrower
34 or the borrower's designated representative requested a meeting. A
35 meeting was held in compliance with RCW 61.24.031.

36    (3) [ ] The beneficiary or beneficiary's authorized agent has

1  exercised due diligence to contact the borrower as required in RCW
2  61.24.031(5).

3      (4) [ ] The borrower has surrendered the secured property as
4  evidenced by either a letter confirming the surrender or by delivery of
5  the keys to the secured property to the beneficiary, the beneficiary's
6  authorized agent or to the trustee.

7      (((5) [ ] Under RCW 61.24.031, the beneficiary or the beneficiary's
8  ~~authorized agent has verified information that, on or before the date~~
9  ~~of this declaration, the borrower(s) has filed for bankruptcy, and the~~
10 ~~bankruptcy stay remains in place, or the borrower has filed for~~
11 ~~bankruptcy and the bankruptcy court has granted relief from the~~
12 ~~bankruptcy stay allowing the enforcement of the deed of trust.))"~~

13     **Sec. 5.**  RCW 61.24.160 and 2011 c 58 s 6 are each amended to read
14 as follows:

15     (1)(a) A housing counselor who is contacted by a borrower under RCW
16 61.24.031 has a duty to act in good faith to attempt to reach a
17 resolution with the beneficiary on behalf of the borrower within the
18 ninety days provided from the date the beneficiary initiates contact
19 with the borrower and the date the notice of default is issued.  A
20 resolution may include, but is not limited to, modification of the
21 loan, an agreement to conduct a short sale, a deed in lieu of
22 foreclosure transaction, or some other workout plan.

23     (b) Nothing in RCW 61.24.031 or this section precludes a meeting or
24 negotiations between the housing counselor, borrower, and beneficiary
25 at any time, including after the issuance of the notice of default.

26     (c) A borrower who is contacted under RCW 61.24.031 may seek the
27 assistance of a housing counselor or attorney at any time.

28     (2) Housing counselors have a duty to act in good faith to assist
29 borrowers by:

30     (a) Preparing the borrower for meetings with the beneficiary;

31     (b) Advising the borrower about what documents the borrower must
32 have to seek a loan modification or other resolution;

33     (c) Informing the borrower about the alternatives to foreclosure,
34 including loan modifications or other possible resolutions; and

35     (d) Providing other guidance, advice, and education as the housing
36 counselor considers necessary.

(3) A housing counselor or attorney assisting a borrower may refer the borrower to ((a)) mediation ((program)), pursuant to RCW 61.24.163, if((:

(a))) the housing counselor or attorney determines that mediation is appropriate based on the individual circumstances((; and

(b) A notice of sale on the deed of trust has not been recorded.

(4))) and the borrower has received a notice of default.  The referral to mediation may be made any time after a notice of default has been issued but no later than twenty days after the date a notice of sale has been recorded.

(4) For borrowers who have received a letter under RCW 61.24.031 before the effective date of this section, a referral to mediation by a housing counselor or attorney does not preclude a trustee issuing a notice of default if the requirements of RCW 61.24.031 have been met.

(5) Housing counselors providing assistance to borrowers under RCW 61.24.031 are not liable for civil damages resulting from any acts or omissions in providing assistance, unless the acts or omissions constitute gross negligence or willful or wanton misconduct.

(6) Housing counselors shall provide information to the department to assist the department in its annual report to the legislature as required under RCW 61.24.163((15)) (18).  The information provided to the department by the housing counselors should include outcomes of foreclosures and be similar to the information requested in the national foreclosure mortgage counseling client level foreclosure outcomes report form.

**Sec. 6.**  RCW 61.24.163 and 2011 2nd sp.s. c 4 s 1 are each amended to read as follows:

(1) The foreclosure mediation program established in this section applies only to borrowers who have been referred to mediation by a housing counselor or attorney.  The referral to mediation may be made any time after a notice of default has been issued but no later than twenty days after the date a notice of sale has been recorded.  The mediation program under this section is not governed by chapter 7.07 RCW and does not preclude mediation required by a court or other provision of law.

(2) A housing counselor or attorney referring a borrower to

mediation shall send a notice to the borrower and the department, stating that mediation is appropriate.

(3) Within ten days of receiving the notice, the department shall:

(a) Send a notice to the beneficiary, the borrower, the housing counselor or attorney who referred the borrower, and the trustee stating that the parties have been referred to mediation. The notice must include the statements and list of documents and information described in subsections (4) and (5)(((b)(i) through (iv))) of this section and a statement explaining each party's responsibility to pay the mediator's fee; and

(b) Select a mediator and notify the parties of the selection.

(4) Within ((forty-five)) twenty-three days of the department's notice that the parties have been referred to mediation, the borrower shall transmit the documents required for mediation to the mediator and the beneficiary. The required documents include an initial Making Home Affordable Application (HAMP) package or such other equivalent homeowner financial information worksheet as required by the department. In the event the department is required to create a worksheet, the worksheet must include, at a minimum, the following information:

(a) The borrower's current and future income;

(b) Debts and obligations;

(c) Assets;

(d) Expenses;

(e) Tax returns for the previous two years;

(f) Hardship information;

(g) Other applicable information commonly required by any applicable federal mortgage relief program.

(5) Within twenty days of the beneficiary's receipt of the borrower's documents, the beneficiary shall transmit the documents required for mediation to the mediator and the borrower. The required documents include:

(a) An accurate statement containing the balance of the loan within thirty days of the date on which the beneficiary's documents are due to the parties;

(b) Copies of the note and deed of trust;

(c) Proof that the entity claiming to be the beneficiary is the

owner of any promissory note or obligation secured by the deed of trust. Sufficient proof may be a copy of the declaration described in RCW 61.24.030(7)(a);

(d) The best estimate of any arrearage and an itemized statement of the arrearages;

(e) An itemized list of the best estimate of fees and charges outstanding;

(f) The payment history and schedule for the preceding twelve months, or since default, whichever is longer, including a breakdown of all fees and charges claimed;

(g) All borrower-related and mortgage-related input data used in any net present values analysis. If no net present values analysis is required by the applicable federal mortgage relief program, then the input data required under the federal deposit insurance corporation and published in the federal deposit insurance corporation loan modification program guide, or if that calculation becomes unavailable, substantially similar input data as determined by the department;

(h) An explanation regarding any denial for a loan modification, forbearance, or other alternative to foreclosure in sufficient detail for a reasonable person to understand why the decision was made;

(i) Appraisal or other broker price opinion most recently relied upon by the beneficiary not more than ninety days old at the time of the scheduled mediation; and

(j) The portion or excerpt of the pooling and servicing agreement that prohibits the beneficiary from implementing a modification, if the beneficiary claims it cannot implement a modification due solely to limitations in a pooling and servicing agreement, and documentation or a statement detailing the efforts of the beneficiary to obtain a waiver of the pooling and servicing agreement provisions.

(6) Within seventy days of receiving the referral from the department, the mediator shall convene a mediation session in the county where the borrower resides, unless the parties agree on another location. The parties may agree ((in writing)) to extend the time in which to schedule the mediation session. If the parties agree to extend the time, the beneficiary shall notify the trustee of the extension and the date the mediator is expected to issue the mediator's certification.

1  ((~~(5)~~)) __(7)__(a) The mediator may schedule phone conferences,
2  consultations with the parties individually, and other communications
3  to ensure that the parties have all the necessary information __and__
4  __documents__ to engage in a productive mediation.

5  (b) The mediator must send written notice of the time, date, and
6  location of the mediation session to the borrower, the beneficiary, and
7  the department at least ((~~fifteen~~)) __thirty__ days prior to the mediation
8  session. At a minimum, the notice must contain:

9  (i) A statement that the borrower may be represented in the
10 mediation session by an attorney or other advocate;

11 (ii) A statement that a person with authority to agree to a
12 resolution, including a proposed settlement, loan modification, or
13 dismissal or continuation of the foreclosure proceeding, must be
14 present either in person or on the telephone or video conference during
15 the mediation session; __and__

16 (iii) ((~~A complete list of documents and information required by~~
17 ~~this section that the parties must provide to the mediator and the~~
18 ~~deadlines for providing the documents and information; and~~

19 ~~(iv)~~)) A statement that the parties have a duty to mediate in good
20 faith and that failure to mediate in good faith may impair the
21 beneficiary's ability to foreclose on the property or the borrower's
22 ability to modify the loan or take advantage of other alternatives to
23 foreclosure.

24 ((~~(6)~~)) __(8)(a)__ The borrower, the beneficiary or authorized agent,
25 and the mediator must meet in person for the mediation session.
26 However, a person with authority to agree to a resolution on behalf of
27 the beneficiary may be present over the telephone or video conference
28 during the mediation session.

29 ((~~(7)~~)) __(b) After the mediation session commences, the mediator may__
30 __continue the mediation session once, and any further continuances must__
31 __be with the consent of the parties.__

32 __(9)__ The participants in mediation must address the issues of
33 foreclosure that may enable the borrower and the beneficiary to reach
34 a resolution, including but not limited to reinstatement, modification
35 of the loan, restructuring of the debt, or some other workout plan. To
36 assist the parties in addressing issues of foreclosure, the mediator
37 ((~~must~~)) __may__ require the participants to consider the following:

(a) The borrower's current and future economic circumstances, including the borrower's current and future income, debts, and obligations for the previous sixty days or greater time period as determined by the mediator;

(b) The net present value of receiving payments pursuant to a modified mortgage loan as compared to the anticipated net recovery following foreclosure;

(c) Any affordable loan modification calculation and net present value calculation when required under any federal mortgage relief program, including the home affordable modification program (HAMP) as applicable to government-sponsored enterprise and nongovernment-sponsored enterprise loans and any HAMP-related modification program applicable to loans insured by the federal housing administration, the veterans administration, and the rural housing service. If such a calculation is not provided or required, then the beneficiary must ((use the current calculations, assumptions, and forms that are)) provide the net present value data inputs established by the federal deposit insurance corporation and published in the federal deposit insurance corporation loan modification program guide or other net present value data inputs as designated by the department. The mediator may run the calculation in order for a productive mediation to occur and to comply with the mediator certification requirement; and

(d) Any other loss mitigation guidelines to loans insured by the federal housing administration, the veterans administration, and the rural housing service, if applicable.

((<del>(8)</del>)) (10) A violation of the duty to mediate in good faith as required under this section may include:

(a) Failure to timely participate in mediation without good cause;

(b) Failure of the borrower or the beneficiary to provide the ((following documentation to the borrower and mediator at least ten days before the mediation or pursuant to the mediator's instructions:

(i) An accurate statement containing the balance of the loan as of the first day of the month in which the mediation occurs;

(ii) Copies of the note and deed of trust;

(iii) Proof that the entity claiming to be the beneficiary is the owner of any promissory note or obligation secured by the deed of trust. Sufficient proof may be a copy of the declaration described in RCW 61.24.030(7)(a);))

1  (iv) The best estimate of any arrearage and an itemized statement
2  of the arrearages;
3  (v) An itemized list of the best estimate of fees and charges
4  outstanding;
5  (vi) The payment history and schedule for the preceding twelve
6  months, or since default, whichever is longer, including a breakdown of
7  all fees and charges claimed;
8  (vii) All borrower-related and mortgage-related input data used in
9  any net present value analysis;
10  (viii) An explanation regarding any denial for a loan modification,
11  forbearance, or other alternative to foreclosure in sufficient detail
12  for a reasonable person to understand why the decision was made;
13  (ix) The most recently available appraisal or other broker price
14  opinion most recently relied upon by the beneficiary; and
15  (x) The portion or excerpt of the pooling and servicing agreement
16  that prohibits the beneficiary from implementing a modification, if the
17  beneficiary claims it cannot implement a modification due solely to
18  limitations in a pooling and servicing agreement, and documentation or
19  a statement detailing the efforts of the beneficiary to obtain a waiver
20  of the pooling and servicing agreement provisions;
21  (c) Failure of the borrower to provide documentation to the
22  beneficiary and mediator, at least ten days before the mediation or
23  pursuant to the mediator's instruction, showing the borrower's current
24  and future income, debts and obligations, and tax returns for the past
25  two years;
26  (d) Failure of either party to pay the respective portion of the
27  mediation fee in advance of the mediation as required under this
28  section;
29  (e))) documentation required before mediation or pursuant to the
30  mediator's instructions;
31  (c) Failure of a party to designate representatives with adequate
32  authority to fully settle, compromise, or otherwise reach resolution
33  with the borrower in mediation; and
34  (((f))) (d) A request by a beneficiary that the borrower waive
35  future claims he or she may have in connection with the deed of trust,
36  as a condition of agreeing to a modification, except for rescission
37  claims under the federal truth in lending act.  Nothing in this section
38  precludes a beneficiary from requesting that a borrower dismiss with

1   prejudice any pending claims against the beneficiary, its agents, loan
2   servicer, or trustee, arising from the underlying deed of trust, as a
3   condition of modification.

4   ((<del>(9)</del>)) <u>(11) If the mediator reasonably believes a borrower will</u>
5   <u>not attend a mediation session based on the borrower's conduct, such as</u>
6   <u>the lack of response to the mediator's communications, the mediator may</u>
7   <u>cancel a scheduled mediation session and send a written cancellation to</u>
8   <u>the department and the trustee and send copies to the parties.  The</u>
9   <u>beneficiary may proceed with the foreclosure after receipt of the</u>
10  <u>mediator's written confirmation of cancellation.</u>

11  <u>(12)</u> Within seven business days after the conclusion of the
12  mediation session, the mediator must send a written certification to
13  the department and the trustee and send copies to the parties of:

14      (a) The date, time, and location of the mediation session;

15      (b) The names of all persons attending in person and by telephone
16  or video conference, at the mediation session;

17      (c) Whether a resolution was reached by the parties, including
18  whether the default was cured by reinstatement, modification, or
19  restructuring of the debt, or some other alternative to foreclosure was
20  agreed upon by the parties;

21      (d) Whether the parties participated in the mediation in good
22  faith; and

23      (e) <u>If a written agreement was not reached, a</u> description of
24  ((<del>the</del>)) <u>any</u> net present value test used, along with a copy of the
25  inputs, including the result of ((<del>the</del>)) <u>any</u> net present value test
26  expressed in a dollar amount.

27  ((<del>(10)</del>)) <u>(13)</u> If the parties are unable to reach ((<del>any agreement</del>
28  <del>and the mediator certifies that the parties acted in good faith, the</del>
29  <del>beneficiary may proceed with the foreclosure.</del>

30  <del>(11)</del>)) <u>an agreement, the beneficiary may proceed with the</u>
31  <u>foreclosure after receipt of the mediator's written certification.</u>

32  <u>(14)</u>(a) The mediator's certification that the beneficiary failed to
33  act in good faith in mediation constitutes a defense to the nonjudicial
34  foreclosure action that was the basis for initiating the mediation.  In
35  any action to enjoin the foreclosure, the beneficiary ((<del>shall be</del>)) <u>is</u>
36  entitled to rebut the allegation that it failed to act in good faith.

37      (b) The mediator's certification that the beneficiary failed to act
38  in good faith during mediation does not constitute a defense to a

1  judicial foreclosure or a future nonjudicial foreclosure action if a
2  modification of the loan is agreed upon and the borrower subsequently
3  defaults.

4      (c) If an <u>affordable loan modification is not offered in the</u>
5  <u>mediation or a written</u> agreement was not reached and the mediator's
6  certification shows that the net present value of the modified loan
7  exceeds the anticipated net recovery at foreclosure, that showing in
8  the certification ((shall)) constitute<u>s</u> a basis for the borrower to
9  enjoin the foreclosure.

10     (((12))) <u>(15)</u> The mediator's certification that the borrower failed
11  to act in good faith in mediation authorizes the beneficiary to proceed
12  with the foreclosure.

13     (((13))) <u>(16)(a)</u> <u>If a borrower has been referred to mediation</u>
14  <u>before a notice of trustee sale has been recorded, a</u> trustee may not
15  record the notice of sale until the trustee receives the mediator's
16  certification stating that the mediation has been completed. ((b))) If
17  the trustee does not receive the mediator's certification, the trustee
18  may record the notice of sale after ten days from the date the
19  certification to the trustee was due. If ((the))<u>, after a</u> notice of
20  sale is recorded under this subsection (((13)(b) and)) <u>(16)(a),</u> the
21  mediator subsequently issues a certification ((alleging)) <u>finding that</u>
22  the beneficiary violated the duty of good faith, ((the trustee may not
23  proceed with the sale.

24     (14))) <u>the certification constitutes a basis for the borrower to</u>
25  <u>enjoin the foreclosure.</u>

26     <u>(b) If a borrower has been referred to mediation after the notice</u>
27  <u>of sale was recorded, the sale may not occur until the trustee receives</u>
28  <u>the mediator's certification stating that the mediation has been</u>
29  <u>completed.</u>

30     <u>(17)</u> A mediator may charge reasonable fees as authorized by this
31  subsection and by the department. Unless the fee is waived or the
32  parties agree otherwise, a foreclosure mediator's fee may not exceed
33  four hundred dollars for <u>preparing, scheduling, and conducting</u> a
34  mediation session lasting between one hour and three hours. For a
35  mediation session exceeding three hours, the foreclosure mediator may
36  charge a reasonable fee, as authorized by the department. The mediator
37  must provide an estimated fee before the mediation, and payment of the
38  mediator's fee must be divided equally between the beneficiary and the

borrower.  The beneficiary and the borrower must tender the loan
mediator's fee ((seven)) within thirty calendar days ((before the
commencement of the)) from receipt of the department's letter referring
the parties to mediation or pursuant to the mediator's instructions.

((15)) (18) Beginning December 1, 2012, and every year
thereafter, the department shall report annually to the legislature on:

(a) The performance of the program, including the numbers of
borrowers who are referred to mediation by a housing counselor or
attorney;

(b) The results of the mediation program, including the number of
mediations requested by housing counselors and attorneys, the number of
certifications of good faith issued, the number of borrowers and
beneficiaries who failed to mediate in good faith, and the reasons for
the failure to mediate in good faith, if known, the numbers of loans
restructured or modified, the change in the borrower's monthly payment
for principal and interest and the number of principal write-downs and
interest rate reductions, and, to the extent practical, the number of
borrowers who report a default within a year of restructuring or
modification;

(c) The information received by housing counselors regarding
outcomes of foreclosures; and

(d) Any recommendations for changes to the statutes regarding the
mediation program.


**Sec. 7.**  RCW 61.24.169 and 2011 2nd sp.s. c 4 s 2 are each amended
to read as follows:

(1) For the purposes of RCW 61.24.163, the department must maintain
a list of approved foreclosure mediators.  The department may approve
the following persons to serve as foreclosure mediators under this
section if the person has completed ten mediations and either a forty-
hour mediation course and sixty hours of mediating or has two hundred
hours experience mediating:

(a) Attorneys who are active members of the Washington state bar
association;

(b) Employees of United States department of housing and urban
development-approved housing counseling agencies or approved by the
Washington state housing finance commission;

1    (c) Employees or volunteers of dispute resolution centers under
2  chapter 7.75 RCW; ((and))
3    (d) Retired judges of Washington courts; and
4    (e) Other experienced mediators.
5    (2) The department may establish a required training program for
6  foreclosure mediators and may require mediators to acquire training
7  before being approved.  The mediators must be familiar with relevant
8  aspects of the law, have knowledge of community-based resources and
9  mortgage assistance programs, and refer borrowers to these programs
10  where appropriate.
11    (3) The department may remove any mediator from the approved list
12  of mediators.
13    (4)(a) A mediator under this section ((who is an employee or
14  volunteer of a dispute resolution center under chapter 7.75 RCW)) is
15  immune from suit in any civil action based on any proceedings or other
16  official acts performed in his or her capacity as a foreclosure
17  mediator, except in cases of willful or wanton misconduct.
18    (b) A mediator is not subject to discovery or compulsory process to
19  testify in any litigation pertaining to a foreclosure action between
20  the parties.  However, the mediator's certification and all information
21  and material presented as part of the mediation process may be deemed
22  admissible evidence, subject to court rules, in any litigation
23  pertaining to a foreclosure action between the parties.

24    **Sec. 8.**  RCW 61.24.174 and 2011 1st sp.s. c 24 s 1 are each amended
25  to read as follows:
26    (1) Except as provided in subsection ((<del>(4)</del>)) (5) of this section,
27  beginning October 1, 2011, and every quarter thereafter, every
28  beneficiary issuing notices of default, or directing that a trustee or
29  authorized agent issue the notice of default, on owner-occupied
30  residential real property under this chapter must:
31    (a) Report to the department the number of owner-occupied
32  residential real properties for which the beneficiary has issued a
33  notice of default during the previous quarter; ((and))
34    (b) Remit the amount required under subsection (2) of this section;
35  and
36    (c) Report and update beneficiary contact information for the

1   person and work group responsible for the beneficiary's compliance with
2   the requirements of the foreclosure fairness act created in this
3   chapter.

4       (2) For each owner-occupied residential real property for which a
5   notice of default has been issued, the beneficiary issuing the notice
6   of default, or directing that a trustee or authorized agent issue the
7   notice of default, shall remit two hundred fifty dollars to the
8   department to be deposited, as provided under RCW 61.24.172, into the
9   foreclosure fairness account. The two hundred fifty dollar payment is
10  required per property and not per notice of default. The beneficiary
11  shall remit the total amount required in a lump sum each quarter.

12      (3) Reporting and payments under subsections (1) and (2) of this
13  section are due within forty-five days of the end of each quarter.

14      (4) No later than thirty days after April 14, 2011, the
15  beneficiaries required to report and remit to the department under this
16  section shall determine the number of owner-occupied residential real
17  properties for which notices of default were issued during the three
18  months prior to April 14, 2011. The beneficiary shall remit to the
19  department a one-time sum of two hundred fifty dollars multiplied by
20  the number of properties. In addition, by July 31, 2011, the
21  beneficiaries required to report and remit to the department under this
22  section shall remit to the department another one-time sum of two
23  hundred fifty dollars multiplied by the number of owner-occupied
24  residential real properties for which notices of default were issued
25  from April 14, 2011, through June 30, 2011. The department shall
26  deposit the funds into the foreclosure fairness account as provided
27  under RCW 61.24.172.

28      (((4))) (5) This section does not apply to any beneficiary or loan
29  servicer that is a federally insured depository institution, as defined
30  in 12 U.S.C. Sec. 461(b)(1)(A), and that certifies under penalty of
31  perjury that it has issued, or has directed a trustee or authorized
32  agent to issue, fewer than two hundred fifty notices of default in the
33  preceding year.

34      (((5))) (6) This section does not apply to association
35  beneficiaries subject to chapter 64.32, 64.34, or 64.38 RCW.

36      **Sec. 9.** RCW 61.24.030 and 2011 c 58 s 4 are each amended to read
37  as follows:

1     It shall be requisite to a trustee's sale:

2     (1) That the deed of trust contains a power of sale;

3     (2) That the deed of trust contains a statement that the real
4     property conveyed is not used principally for agricultural purposes;
5     provided, if the statement is false on the date the deed of trust was
6     granted or amended to include that statement, and false on the date of
7     the trustee's sale, then the deed of trust must be foreclosed
8     judicially. Real property is used for agricultural purposes if it is
9     used in an operation that produces crops, livestock, or aquatic goods;

10    (3) That a default has occurred in the obligation secured or a
11    covenant of the grantor, which by the terms of the deed of trust makes
12    operative the power to sell;

13    (4) That no action commenced by the beneficiary of the deed of
14    trust is now pending to seek satisfaction of an obligation secured by
15    the deed of trust in any court by reason of the grantor's default on
16    the obligation secured: PROVIDED, That (a) the seeking of the
17    appointment of a receiver shall not constitute an action for purposes
18    of this chapter; and (b) if a receiver is appointed, the grantor shall
19    be entitled to any rents or profits derived from property subject to a
20    homestead as defined in RCW 6.13.010. If the deed of trust was granted
21    to secure a commercial loan, this subsection shall not apply to actions
22    brought to enforce any other lien or security interest granted to
23    secure the obligation secured by the deed of trust being foreclosed;

24    (5) That the deed of trust has been recorded in each county in
25    which the land or some part thereof is situated;

26    (6) That prior to the date of the notice of trustee's sale and
27    continuing thereafter through the date of the trustee's sale, the
28    trustee must maintain a street address in this state where personal
29    service of process may be made, and the trustee must maintain a
30    physical presence and have telephone service at such address;

31    (7)(a) That, for residential real property, before the notice of
32    trustee's sale is recorded, transmitted, or served, the trustee shall
33    have proof that the beneficiary is the owner of any promissory note or
34    other obligation secured by the deed of trust. A declaration by the
35    beneficiary made under the penalty of perjury stating that the
36    beneficiary is the actual holder of the promissory note or other
37    obligation secured by the deed of trust shall be sufficient proof as
38    required under this subsection.

1    (b) Unless the trustee has violated his or her duty under RCW
2  61.24.010(4), the trustee is entitled to rely on the beneficiary's
3  declaration as evidence of proof required under this subsection.

4    (c) This subsection (7) does not apply to association beneficiaries
5  subject to chapter 64.32, 64.34, or 64.38 RCW;

6    (8) That at least thirty days before notice of sale shall be
7  recorded, transmitted or served, written notice of default shall be
8  transmitted by the beneficiary or trustee to the borrower and grantor
9  at their last known addresses by both first-class and either registered
10 or certified mail, return receipt requested, and the beneficiary or
11 trustee shall cause to be posted in a conspicuous place on the
12 premises, a copy of the notice, or personally served on the borrower
13 and grantor.  This notice shall contain the following information:

14   (a) A description of the property which is then subject to the deed
15 of trust;

16   (b) A statement identifying each county in which the deed of trust
17 is recorded and the document number given to the deed of trust upon
18 recording by each county auditor or recording officer;

19   (c) A statement that the beneficiary has declared the borrower or
20 grantor to be in default, and a concise statement of the default
21 alleged;

22   (d) An itemized account of the amount or amounts in arrears if the
23 default alleged is failure to make payments;

24   (e) An itemized account of all other specific charges, costs, or
25 fees that the borrower, grantor, or any guarantor is or may be obliged
26 to pay to reinstate the deed of trust before the recording of the
27 notice of sale;

28   (f) A statement showing the total of (d) and (e) of this
29 subsection, designated clearly and conspicuously as the amount
30 necessary to reinstate the note and deed of trust before the recording
31 of the notice of sale;

32   (g) A statement that failure to cure the alleged default within
33 thirty days of the date of mailing of the notice, or if personally
34 served, within thirty days of the date of personal service thereof, may
35 lead to recordation, transmittal, and publication of a notice of sale,
36 and that the property described in (a) of this subsection may be sold
37 at public auction at a date no less than one hundred twenty days in the

future, or no less than one hundred fifty days in the future if the borrower received a letter under RCW 61.24.031;

(h) A statement that the effect of the recordation, transmittal, and publication of a notice of sale will be to (i) increase the costs and fees and (ii) publicize the default and advertise the grantor's property for sale;

(i) A statement that the effect of the sale of the grantor's property by the trustee will be to deprive the grantor of all their interest in the property described in (a) of this subsection;

(j) A statement that the borrower, grantor, and any guarantor has recourse to the courts pursuant to RCW 61.24.130 to contest the alleged default on any proper ground;

(k) In the event the property secured by the deed of trust is owner-occupied residential real property, a statement, prominently set out at the beginning of the notice, which shall state as follows:

(("You should take care to protect your interest in your home. This notice of default (your failure to pay) is the first step in a process that could result in you losing your home. You should carefully review your options. For example:

Can you pay and stop the foreclosure process?

Do you dispute the failure to pay?

Can you sell your property to preserve your equity?

Are you able to refinance this loan or obligation with a new loan or obligation from another lender with payments, terms, and fees that are more affordable?

Do you qualify for any government or private homeowner assistance programs?

Do you know if filing for bankruptcy is an option? What are the pros and cons of doing so?

Do not ignore this notice; because if you do nothing, you could lose your home at a foreclosure sale. (No foreclosure sale can be held any sooner than ninety days after a notice of sale is issued and a notice of sale cannot be issued until thirty days after this notice.) Also, if you do nothing to pay what you owe, be careful of people who claim they can help you. There are many individuals and businesses that watch for the notices of sale in order to unfairly profit as a result of borrowers' distress.

1  ~~You may feel you need help understanding what to do. There are a~~
2  ~~number of professional resources available, including home loan~~
3  ~~counselors and attorneys, who may assist you. Many legal services are~~
4  ~~lower-cost or even free, depending on your ability to pay. If you~~
5  ~~desire legal help in understanding your options or handling this~~
6  ~~default, you may obtain a referral (at no charge) by contacting the~~
7  ~~county bar association in the county where your home is located. These~~
8  ~~legal referral services also provide information about lower-cost or~~
9  ~~free legal services for those who qualify. You may contact the~~
10 ~~Department of Financial Institutions or the statewide civil legal aid~~
11 ~~hotline for possible assistance or referrals"~~))

12 **"THIS NOTICE IS ONE STEP IN A PROCESS THAT COULD RESULT IN YOUR**
13 **LOSING YOUR HOME.**

14 You may be eligible for mediation in front of a neutral third party to
15 help save your home.

16
17 **CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW**
18 to assess your situation and refer you to mediation if you might
19 benefit. Mediation **MUST** be requested between the time you receive the
20 Notice of Default and no later than twenty days after the Notice of
21 Trustee Sale is recorded.

22
23 **DO NOT DELAY.** If you do nothing, a notice of sale may be issued as
24 soon as 30 days from the date of this notice of default. The notice of
25 sale will provide a minimum of 120 days' notice of the date of the
26 actual foreclosure sale.

27
28 **BE CAREFUL** of people who claim they can help you. There are many
29 individuals and businesses that prey upon borrowers in distress.

30
31 **REFER TO THE CONTACTS BELOW** for sources of assistance.

32                              **SEEKING ASSISTANCE**

33 Housing counselors and legal assistance may be available at little or
34 no cost to you. If you would like assistance in determining your
35 rights and opportunities to keep your house, you may contact the
36 following:
37 The statewide foreclosure hotline for assistance and referral to
38 housing counselors recommended by the Housing Finance Commission
39 Telephone:  .   .   .   .   .   .  Web site:  .   .   .   .   .   .
40 The United States Department of Housing and Urban Development

1  Telephone:  .  .  .  .  .  .  .  Web site:  .  .  .  .  .  .  .  .

2  The statewide civil legal aid hotline for assistance and referrals to

3  other housing counselors and attorneys

4  Telephone:  .  .  .  .  .  .  Web site:  .  .  .  .  .  ."

5      The beneficiary or trustee shall obtain the toll-free numbers and

6  web site information from the department for inclusion in the notice;

7  and

8      (l) In the event the property secured by the deed of trust is

9  residential real property, the name and address of the owner of any

10 promissory notes or other obligations secured by the deed of trust and

11 the name, address, and telephone number of a party acting as a servicer

12 of the obligations secured by the deed of trust; and

13     (9) That, for owner-occupied residential real property, before the

14 notice of the trustee's sale is recorded, transmitted, or served, the

15 beneficiary has complied with RCW 61.24.031 and, if applicable, RCW

16 61.24.163.

17     **Sec. 10.**  RCW 61.24.040 and 2009 c 292 s 9 are each amended to read

18 as follows:

19     A deed of trust foreclosed under this chapter shall be foreclosed

20 as follows:

21     (1) At least ninety days before the sale, or if a letter under RCW

22 61.24.031 is required, at least one hundred twenty days before the

23 sale, the trustee shall:

24     (a) Record a notice in the form described in (f) of this subsection

25 in the office of the auditor in each county in which the deed of trust

26 is recorded;

27     (b) To the extent the trustee elects to foreclose its lien or

28 interest, or the beneficiary elects to preserve its right to seek a

29 deficiency  judgment  against  a  borrower  or  grantor  under  RCW

30 61.24.100(3)(a),  and  if  their  addresses  are  stated  in  a  recorded

31 instrument evidencing their interest, lien, or claim of lien, or an

32 amendment thereto, or are otherwise known to the trustee, cause a copy

33 of the notice of sale described in (f) of this subsection to be

34 transmitted by both first-class and either certified or registered

35 mail, return receipt requested, to the following persons or their legal

36 representatives, if any, at such address:

37     (i) The borrower and grantor;

1    (ii) The beneficiary of any deed of trust or mortgagee of any
2    mortgage, or any person who has a lien or claim of lien against the
3    property, that was recorded subsequent to the recordation of the deed
4    of trust being foreclosed and before the recordation of the notice of
5    sale;

6    (iii) The vendee in any real estate contract, the lessee in any
7    lease, or the holder of any conveyances of any interest or estate in
8    any portion or all of the property described in such notice, if that
9    contract, lease, or conveyance of such interest or estate, or a
10   memorandum or other notice thereof, was recorded after the recordation
11   of the deed of trust being foreclosed and before the recordation of the
12   notice of sale;

13   (iv) The last holder of record of any other lien against or
14   interest in the property that is subject to a subordination to the deed
15   of trust being foreclosed that was recorded before the recordation of
16   the notice of sale;

17   (v) The last holder of record of the lien of any judgment
18   subordinate to the deed of trust being foreclosed; and

19   (vi) The occupants of property consisting solely of a single-family
20   residence, or a condominium, cooperative, or other dwelling unit in a
21   multiplex or other building containing fewer than five residential
22   units, whether or not the occupant's rental agreement is recorded,
23   which notice may be a single notice addressed to "occupants" for each
24   unit known to the trustee or beneficiary;

25   (c) Cause a copy of the notice of sale described in (f) of this
26   subsection to be transmitted by both first-class and either certified
27   or registered mail, return receipt requested, to the plaintiff or the
28   plaintiff's attorney of record, in any court action to foreclose a lien
29   or other encumbrance on all or any part of the property, provided a
30   court action is pending and a lis pendens in connection therewith is
31   recorded in the office of the auditor of any county in which all or
32   part of the property is located on the date the notice is recorded;

33   (d) Cause a copy of the notice of sale described in (f) of this
34   subsection to be transmitted by both first-class and either certified
35   or registered mail, return receipt requested, to any person who has
36   recorded a request for notice in accordance with RCW 61.24.045, at the
37   address specified in such person's most recently recorded request for
38   notice;

1    (e) Cause a copy of the notice of sale described in (f) of this
2 subsection to be posted in a conspicuous place on the property, or in
3 lieu of posting, cause a copy of said notice to be served upon any
4 occupant of the property;

5    (f) The notice shall be in substantially the following form:

6                        NOTICE OF TRUSTEE'S SALE
7                                  I.

8 NOTICE IS HEREBY GIVEN that the undersigned Trustee will on the . . . .
9 day of . . . . . . . ., . . ., at the hour of . . . . o'clock . . . . M. at
10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [street
11 address and location if inside a building] in the City of . . . . . .,
12 State of Washington, sell at public auction to the highest and best
13 bidder, payable at the time of sale, the following described real
14 property, situated in the County(ies) of . . . . . ., State of
15 Washington, to-wit:

16    [If any personal property is to be included in the trustee's
17    sale, include a description that reasonably identifies such
18    personal property]

19 which is subject to that certain Deed of Trust dated . . . . . .,
20 . . ., recorded . . . . . . ., . . ., under Auditor's File No. . . . . .,
21 records of . . . . . County, Washington, from . . . . . . . . . ., as
22 Grantor, to . . . . . . . . . ., as Trustee, to secure an obligation in
23 favor of . . . . . . . . . ., as Beneficiary, the beneficial interest in
24 which was assigned by . . . . . . . . ., under an Assignment recorded
25 under Auditor's File No. . . . . [Include recording information for
26 all counties if the Deed of Trust is recorded in more than one county.]

27                                 II.

28 No action commenced by the Beneficiary of the Deed of Trust is now
29 pending to seek satisfaction of the obligation in any Court by reason
30 of the Borrower's or Grantor's default on the obligation secured by the
31 Deed of Trust.

32    [If there is another action pending to foreclose other security
33    for all or part of the same debt, qualify the statement and
34    identify the action.]

III.

The default(s) for which this foreclosure is made is/are as follows:

       [If default is for other than payment of money, set forth the
       particulars]

Failure to pay when due the following amounts which are now in arrears:

                                    IV.

The sum owing on the obligation secured by the Deed of Trust is:
Principal $ . . . . . ., together with interest as provided in the note
or other instrument secured from the . . . . day of . . . . . . ., . . .,
and such other costs and fees as are due under the note or other
instrument secured, and as are provided by statute.

                                    V.

The above-described real property will be sold to satisfy the expense
of sale and the obligation secured by the Deed of Trust as provided by
statute.  The sale will be made without warranty, express or implied,
regarding title, possession, or encumbrances on the . . . . day of
. . . . . . ., . . .  The default(s) referred to in paragraph III must be
cured by the . . . . day of . . . . . . ., . . . (11 days before the sale
date), to cause a discontinuance of the sale.  The sale will be
discontinued and terminated if at any time on or before the . . . . day
of . . . . . . ., . . ., (11 days before the sale date), the default(s)
as set forth in paragraph III is/are cured and the Trustee's fees and
costs are paid.  The sale may be terminated any time after the . . . .
day of . . . . . . ., . . . (11 days before the sale date), and before
the sale by the Borrower, Grantor, any Guarantor, or the holder of any
recorded junior lien or encumbrance paying the entire principal and
interest secured by the Deed of Trust, plus costs, fees, and advances,
if any, made pursuant to the terms of the obligation and/or Deed of
Trust, and curing all other defaults.

                                    VI.

A written notice of default was transmitted by the Beneficiary or
Trustee to the Borrower and Grantor at the following addresses:

1 _____
     .....................
2    .....................
3 _____
     .....................
4 by both first-class and certified mail on the . . . . day of
5 . . . . . ., . . ., proof of which is in the possession of the Trustee;
6 and the Borrower and Grantor were personally served on the . . . . day
7 of . . . . . ., . . ., with said written notice of default or the
8 written notice of default was posted in a conspicuous place on the real
9 property described in paragraph I above, and the Trustee has possession
10 of proof of such service or posting.

11                              VII.

12 The Trustee whose name and address are set forth below will provide in
13 writing to anyone requesting it, a statement of all costs and fees due
14 at any time prior to the sale.

15                              VIII.

16 The effect of the sale will be to deprive the Grantor and all those who
17 hold by, through or under the Grantor of all their interest in the
18 above-described property.

19                              IX.

20 Anyone having any objection to the sale on any grounds whatsoever will
21 be afforded an opportunity to be heard as to those objections if they
22 bring a lawsuit to restrain the sale pursuant to RCW 61.24.130.
23 Failure to bring such a lawsuit may result in a waiver of any proper
24 grounds for invalidating the Trustee's sale.

25 [Add Part X to this notice if applicable under RCW 61.24.040(9)]

26

27                 ................................
28                 .......... ,  Trustee

29                 .......   ⎫
30                 .......   ⎬  Address
31                 .......   ⎭
32                 .......   ⎫  Phone
33 [Acknowledgment]

1    (g) If the borrower received a letter under RCW 61.24.031, the
2 notice specified in subsection (1)(f) of this section shall also
3 include the following additional language:

4 **"THIS NOTICE IS THE FINAL STEP BEFORE THE FORECLOSURE SALE OF YOUR**
5 **HOME.**

6 You have only 20 DAYS from the recording date on this notice to pursue
7 mediation.

8 **DO NOT DELAY.  CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN**
9 **WASHINGTON NOW** to assess your situation and refer you to mediation if
10 you are eligible and it may help you save your home.  See below for
11 safe sources of help.

12 **SEEKING ASSISTANCE**

13 Housing counselors and legal assistance may be available at little or
14 no cost to you.  If you would like assistance in determining your
15 rights and opportunities to keep your house, you may contact the
16 following:
17 The statewide foreclosure hotline for assistance and referral to
18 housing counselors recommended by the Housing Finance Commission
19 Telephone: . . . . . . . Web site: . . . . . . . .
20 The United States Department of Housing and Urban Development
21 Telephone: . . . . . . . Web site: . . . . . . . .
22 The statewide civil legal aid hotline for assistance and referrals to
23 other housing counselors and attorneys
24 Telephone: . . . . . . . Web site: . . . . . . . ."
25     The beneficiary or trustee shall obtain the toll-free numbers and
26 web site information from the department for inclusion in the notice.
27     (2) In addition to providing the borrower and grantor the notice of
28 sale described in subsection (1)(f) of this section, the trustee shall
29 include with the copy of the notice which is mailed to the grantor, a
30 statement to the grantor in substantially the following form:

31 NOTICE OF FORECLOSURE

32 Pursuant to the Revised Code of Washington,

The attached Notice of Trustee's Sale is a consequence of default(s) in the obligation to . . . . . ., the Beneficiary of your Deed of Trust and owner of the obligation secured thereby. Unless the default(s) is/are cured, your property will be sold at auction on the . . . . day of . . . . . . ., . . .

To cure the default(s), you must bring the payments current, cure any other defaults, and pay accrued late charges and other costs, advances, and attorneys' fees as set forth below by the . . . . day of . . . . . . ., . . . [11 days before the sale date]. To date, these arrears and costs are as follows:

|  | Currently due to reinstate on . . . . . . . . . . . | Estimated amount that will be due to reinstate on . . . . . . . . . . . (11 days before the date set for sale) |
|---|---|---|
| Delinquent payments from . . . . . ., . . ., in the amount of $ . . . ./mo.: | $ . . . . | $ . . . . |
| Late charges in the total amount of: | $ . . . . | $ . . . . |
|  |  | Estimated Amounts |
| Attorneys' fees: | $ . . . . | $ . . . . |
| Trustee's fee: | $ . . . . | $ . . . . |
| Trustee's expenses: |  |  |

(Itemization)

| | | | |
|---|---|---|---|
| Title report | $.... | $.... |
| Recording fees | $.... | $.... |
| Service/Posting | | |
| of Notices | $.... | $.... |
| Postage/Copying | | |
| expense | $.... | $.... |
| Publication | $.... | $.... |
| Telephone | | $.... |
| charges | $.... | |
| Inspection fees | $.... | $.... |
| ...... | $.... | $.... |
| ...... | $.... | $.... |
| TOTALS | $.... | $.... |

To pay off the entire obligation secured by your Deed of Trust as of the . . . . . day of . . . . . . you must pay a total of $. . . . . in principal, $. . . . . in interest, plus other costs and advances estimated to date in the amount of $. . . . . . From and after the date of this notice you must submit a written request to the Trustee to obtain the total amount to pay off the entire obligation secured by your Deed of Trust as of the payoff date.

As to the defaults which do not involve payment of money to the Beneficiary of your Deed of Trust, you must cure each such default. Listed below are the defaults which do not involve payment of money to the Beneficiary of your Deed of Trust. Opposite each such listed default is a brief description of the action necessary to cure the default and a description of the documentation necessary to show that the default has been cured.

| Default | Description of Action Required to Cure and Documentation Necessary to Show Cure |
|---|---|
| ....... | ................................ |
| | ................................ |
| | ................................ |
| ....... | ................................ |
| | ................................ |

2      You may reinstate your Deed of Trust and the obligation secured
3      thereby at any time up to and including the . . . . day of . . . . . .,
4      . . . [11 days before the sale date], by paying the amount set forth or
5      estimated above and by curing any other defaults described above.  Of
6      course, as time passes other payments may become due, and any further
7      payments coming due and any additional late charges must be added to
8      your reinstating payment.  Any new defaults not involving payment of
9      money that occur after the date of this notice must also be cured in
10     order to effect reinstatement.  In addition, because some of the
11     charges can only be estimated at this time, and because the amount
12     necessary to reinstate or to pay off the entire indebtedness may
13     include presently unknown expenditures required to preserve the
14     property or to comply with state or local law, it will be necessary for
15     you to contact the Trustee before the time you tender reinstatement or
16     the payoff amount so that you may be advised of the exact amount you
17     will be required to pay.  Tender of payment or performance must be made
18     to:  . . . . . ., whose address is . . . . . ., telephone ( )
19     . . . . . . AFTER THE . . . . DAY OF . . . . . . ., . . ., YOU MAY NOT
20     REINSTATE YOUR DEED OF TRUST BY PAYING THE BACK PAYMENTS AND COSTS AND
21     FEES AND CURING THE OTHER DEFAULTS AS OUTLINED ABOVE.  The Trustee will
22     respond to any written request for current payoff or reinstatement
23     amounts within ten days of receipt of your written request.  In such a
24     case, you will only be able to stop the sale by paying, before the
25     sale, the total principal balance ($ . . . . . .) plus accrued
26     interest, costs and advances, if any, made pursuant to the terms of the
27     documents and by curing the other defaults as outlined above.

28     You may contest this default by initiating court action in the
29     Superior Court of the county in which the sale is to be held.  In such
30     action, you may raise any legitimate defenses you have to this default.
31     A copy of your Deed of Trust and documents evidencing the obligation
32     secured thereby are enclosed.  You may wish to consult a lawyer.  Legal
33     action on your part may prevent or restrain the sale, but only if you
34     persuade the court of the merits of your defense.  You may contact the
35     Department of Financial Institutions or the statewide civil legal aid
36     hotline for possible assistance or referrals.

1    The court may grant a restraining order or injunction to restrain
2  a trustee's sale pursuant to RCW 61.24.130 upon five days notice to the
3  trustee of the time when, place where, and the judge before whom the
4  application for the restraining order or injunction is to be made.
5  This notice shall include copies of all pleadings and related documents
6  to be given to the judge.  Notice and other process may be served on
7  the trustee at:

8             NAME:   ..............................
9             ADDRESS:   ........................
10                        ........................
11            TELEPHONE NUMBER:   ................

12    If you do not reinstate the secured obligation and your Deed of
13  Trust in the manner set forth above, or if you do not succeed in
14  restraining the sale by court action, your property will be sold.  The
15  effect of such sale will be to deprive you and all those who hold by,
16  through or under you of all interest in the property;

17    (3) In addition, the trustee shall cause a copy of the notice of
18  sale described in subsection (1)(f) of this section (excluding the
19  acknowledgment) to be published in a legal newspaper in each county in
20  which the property or any part thereof is situated, once on or between
21  the thirty-fifth and twenty-eighth day before the date of sale, and
22  once on or between the fourteenth and seventh day before the date of
23  sale;

24    (4) On the date and at the time designated in the notice of sale,
25  the trustee or its authorized agent shall sell the property at public
26  auction to the highest bidder.  The trustee may sell the property in
27  gross or in parcels as the trustee shall deem most advantageous;

28    (5) The place of sale shall be at any designated public place
29  within the county where the property is located and if the property is
30  in more than one county, the sale may be in any of the counties where
31  the property is located.  The sale shall be on Friday, or if Friday is
32  a legal holiday on the following Monday, and during the hours set by
33  statute for the conduct of sales of real estate at execution;

34    (6) The trustee has no obligation to, but may, for any cause the
35  trustee deems advantageous, continue the sale for a period or periods
36  not exceeding a total of one hundred twenty days by (a) a public

Case 24-12397-CMA    Doc 51-1    Filed 01/15/25    Ent. 01/15/25 16:38:43    Pg. 38 of 44

1  proclamation at the time and place fixed for sale in the notice of sale
2  and if the continuance is beyond the date of sale, by giving notice of
3  the new time and place of the sale by both first class and either
4  certified or registered mail, return receipt requested, to the persons
5  specified in subsection (1)(b)(i) and (ii) of this section to be
6  deposited in the mail (i) not less than four days before the new date
7  fixed for the sale if the sale is continued for up to seven days; or
8  (ii) not more than three days after the date of the continuance by oral
9  proclamation if the sale is continued for more than seven days, or,
10  alternatively, (b) by giving notice of the time and place of the
11  postponed sale in the manner and to the persons specified in subsection
12  (1)(b), (c), (d), and (e) of this section and publishing a copy of such
13  notice once in the newspaper(s) described in subsection (3) of this
14  section, more than seven days before the date fixed for sale in the
15  notice of sale.  No other notice of the postponed sale need be given;

16  (7) The purchaser shall forthwith pay the price bid and on payment
17  the trustee shall execute to the purchaser its deed; the deed shall
18  recite the facts showing that the sale was conducted in compliance with
19  all of the requirements of this chapter and of the deed of trust, which
20  recital shall be prima facie evidence of such compliance and conclusive
21  evidence thereof in favor of bona fide purchasers and encumbrancers for
22  value, except that these recitals shall not affect the lien or interest
23  of any person entitled to notice under subsection (1) of this section,
24  if the trustee fails to give the required notice to such person.  In
25  such case, the lien or interest of such omitted person shall not be
26  affected by the sale and such omitted person shall be treated as if
27  such person was the holder of the same lien or interest and was omitted
28  as a party defendant in a judicial foreclosure proceeding;

29  (8) The sale as authorized under this chapter shall not take place
30  less than one hundred ninety days from the date of default in any of
31  the obligations secured;

32  (9) If the trustee elects to foreclose the interest of any occupant
33  or tenant of property comprised solely of a single-family residence, or
34  a condominium, cooperative, or other dwelling unit in a multiplex or
35  other building containing fewer than five residential units, the
36  following notice shall be included as Part X of the Notice of Trustee's
37  Sale:

38              X.         NOTICE TO OCCUPANTS OR TENANTS

1 The purchaser at the trustee's sale is entitled to possession of the
2 property on the 20th day following the sale, as against the grantor
3 under the deed of trust (the owner) and anyone having an interest
4 junior to the deed of trust, including occupants who are not tenants.
5 After the 20th day following the sale the purchaser has the right to
6 evict occupants who are not tenants by summary proceedings under
7 chapter 59.12 RCW.  For tenant-occupied property, the purchaser shall
8 provide a tenant with written notice in accordance with RCW 61.24.060;

9     (10) Only one copy of all notices required by this chapter need be
10 given to a person who is both the borrower and the grantor.  All
11 notices required by this chapter that are given to a general
12 partnership are deemed given to each of its general partners, unless
13 otherwise agreed by the parties.


14     NEW SECTION.  **Sec. 11.**  A new section is added to chapter 61.24 RCW
15 to read as follows:
16     (1) A borrower who has been referred to mediation before the
17 effective date of this section may continue through the mediation
18 process and does not lose his or her right to mediation.
19     (2) A borrower who has not been referred to mediation as of the
20 effective date of this section may only be referred to mediation after
21 a notice of default has been issued but no later than twenty days from
22 the date a notice of sale is recorded.
23     (3) A borrower who has not been referred to mediation as of the
24 effective date of this section and who has had a notice of sale
25 recorded may only be referred to mediation if the referral is made
26 before twenty days have passed from the date the notice of sale was
27 recorded.


28     **Sec. 12.**  RCW 61.24.172 and 2011 c 58 s 11 are each amended to read
29 as follows:
30     The foreclosure fairness account is created in the custody of the
31 state treasurer.  All receipts received under RCW 61.24.174 must be
32 deposited into the account.  Only the director of the department of
33 commerce or the director's designee may authorize expenditures from the
34 account.  Funding to agencies and organizations under this section must
35 be provided by the department through an interagency agreement or other
36 applicable contract instrument.  The account is subject to allotment

procedures under chapter 43.88 RCW, but an appropriation is not required for expenditures. Expenditures from the account must be used as follows: (1) No less than ((eighty)) seventy-six percent must be used for the purposes of providing housing ((counselors for)) counseling activities to benefit borrowers, except that this amount may be less than ((eighty)) seventy-six percent only if necessary to meet the funding level specified for the office of the attorney general under subsection (2) of this section and the department under subsection (4) of this section; (2) up to six percent, or six hundred fifty-five thousand dollars per biennium, whichever amount is greater, to the office of the attorney general to be used by the consumer protection division to enforce this chapter; (3) up to two percent to the office of civil legal aid to be used for the purpose of contracting with qualified legal aid programs for legal representation of homeowners in matters relating to foreclosure. Funds provided under this subsection (3) must be used to supplement, not supplant, other federal, state, and local funds; (4) up to ((nine)) thirteen percent, or ((four hundred fifty-one)) five hundred ninety thousand dollars per biennium, whichever amount is greater, to the department to be used for implementation and operation of the foreclosure fairness act; and (5) up to three percent to the department of financial institutions to conduct homeowner prepurchase and postpurchase outreach and education programs as defined in RCW 43.320.150.

The department shall enter into interagency agreements to contract with the Washington state housing finance commission and other appropriate entities to implement the foreclosure fairness act.

**Sec. 13.** RCW 61.24.010 and 2009 c 292 s 7 are each amended to read as follows:

(1) The trustee of a deed of trust under this chapter shall be:

(a) Any domestic corporation or domestic limited liability corporation incorporated under Title 23B, 25, 30, 31, 32, or 33 RCW of which at least one officer is a Washington resident; or

(b) Any title insurance company authorized to insure title to real property under the laws of this state, or any title insurance agent licensed under chapter 48.17 RCW; or

(c) Any attorney who is an active member of the Washington state bar association at the time the attorney is named trustee; or

1    (d) Any professional corporation incorporated under chapter 18.100
2  RCW, any professional limited liability company formed under chapter
3  25.15 RCW, any general partnership, including limited liability
4  partnerships, formed under chapter 25.04 RCW, all of whose
5  shareholders, members, or partners, respectively, are either licensed
6  attorneys or entities, provided all of the owners of those entities are
7  licensed attorneys, or any domestic corporation wholly owned by any of
8  the entities under this subsection (1)(d); or

9    (e) Any agency or instrumentality of the United States government;
10 or

11   (f) Any national bank, savings bank, or savings and loan
12 association chartered under the laws of the United States.

13   (2) The trustee may resign at its own election or be replaced by
14 the beneficiary.  The trustee shall give prompt written notice of its
15 resignation to the beneficiary.  The resignation of the trustee shall
16 become effective upon the recording of the notice of resignation in
17 each county in which the deed of trust is recorded.  If a trustee is
18 not appointed in the deed of trust, or upon the resignation,
19 incapacity, disability, absence, or death of the trustee, or the
20 election of the beneficiary to replace the trustee, the beneficiary
21 shall appoint a trustee or a successor trustee.  Only upon recording
22 the appointment of a successor trustee in each county in which the deed
23 of trust is recorded, the successor trustee shall be vested with all
24 powers of an original trustee.

25   (3) The trustee or successor trustee shall have no fiduciary duty
26 or fiduciary obligation to the grantor or other persons having an
27 interest in the property subject to the deed of trust.

28   (4) The trustee or successor trustee has a duty of good faith to
29 the borrower, beneficiary, and grantor.

30   **Sec. 14.**  RCW 61.24.050 and 1998 c 295 s 7 are each amended to read
31 as follows:

32   ((When delivered)) (1) Upon physical delivery of the trustee's deed
33 to the purchaser, or a different grantee as designated by the purchaser
34 following the trustee's sale, the trustee's deed shall convey all of
35 the right, title, and interest in the real and personal property sold
36 at the trustee's sale which the grantor had or had the power to convey
37 at the time of the execution of the deed of trust, and such as the

grantor may have thereafter acquired. <u>Except as provided in subsection</u>
<u>(2) of this section,</u> if the trustee accepts a bid, then the trustee's
sale is final as of the date and time of such acceptance if the
trustee's deed is recorded within fifteen days thereafter. After a
trustee's sale, no person shall have any right, by statute or
otherwise, to redeem the property sold at the trustee's sale.

<u>(2)(a) Up to the eleventh day following the trustee's sale, the</u>
<u>trustee, beneficiary, or authorized agent for the beneficiary may</u>
<u>declare the trustee's sale and trustee's deed void for the following</u>
<u>reasons:</u>

<u>(i) The trustee, beneficiary, or authorized agent for the</u>
<u>beneficiary assert that there was an error with the trustee foreclosure</u>
<u>sale process including, but not limited to, an erroneous opening bid</u>
<u>amount made by or on behalf of the foreclosing beneficiary at the</u>
<u>trustee's sale;</u>

<u>(ii) The borrower and beneficiary, or authorized agent for the</u>
<u>beneficiary, had agreed prior to the trustee's sale to a loan</u>
<u>modification agreement, forbearance plan, shared appreciation mortgage,</u>
<u>or other loss mitigation agreement to postpone or discontinue the</u>
<u>trustee's sale; or</u>

<u>(iii) The beneficiary or authorized agent for the beneficiary had</u>
<u>accepted funds that fully reinstated or satisfied the loan even if the</u>
<u>beneficiary or authorized agent for the beneficiary had no legal duty</u>
<u>to do so.</u>

<u>(b) This subsection does not impose a duty upon the trustee any</u>
<u>different than the obligations set forth under RCW 61.24.010 (3) and</u>
<u>(4).</u>

<u>(3) The trustee must refund the bid amount to the purchaser no</u>
<u>later than the third day following the postmarked mailing of the</u>
<u>rescission notice described under subsection (4) of this section.</u>

<u>(4) No later than fifteen days following the voided trustee's sale</u>
<u>date, the trustee shall send a notice in substantially the following</u>
<u>form by first-class mail and certified mail, return receipt requested,</u>
<u>to all parties entitled to notice under RCW 61.24.040(1) (b) through</u>
<u>(e):</u>

<u>NOTICE OF RESCISSION OF TRUSTEE'S SALE</u>

Case 24-12397-CMA   Doc 51-1   Filed 01/15/25   Ent. 01/15/25 16:38:43

NOTICE IS HEREBY GIVEN that the trustee's sale that occurred on (trustee's sale date) is rescinded and declared void because (insert the applicable reason(s) permitted under RCW 61.24.050(2)(a)).

The trustee's sale occurred pursuant to that certain Notice of Trustee's Sale dated . . . ., . . . ., recorded . . . ., . . . ., under Auditor's File No. . . . ., records of . . . . County, Washington, and that certain Deed of Trust dated . . . ., . . . ., recorded . . . ., . . . ., under Auditor's File No. . . . ., records of . . . . . County, Washington, from . . . . . ., as Grantor, to . . . . . ., as . . . . . ., as original Beneficiary, concerning the following described property, situated in the County(ies) of . . . . ., State of Washington, to wit:

(Legal description)


Commonly known as (common property address)

(5) If the reason for the rescission stems from subsection (2)(a) (i) or (ii) of this section, the trustee may set a new sale date not less than forty-five days following the mailing of the notice of rescission of trustee's sale.  The trustee shall:

(a) Comply with the requirements of RCW 61.24.040(1) (a) through (f) at least thirty days before the new sale date; and

(b) Cause a copy of the notice of trustee's sale as provided in RCW 61.24.040(1)(f) to be published in a legal newspaper in each county in which the property or any part of the property is situated, once between the thirty-fifth and twenty-eighth day before the sale and once between the fourteenth and seventh day before the sale.


NEW SECTION. **Sec. 15.** Section 12 of this act is necessary for the immediate preservation of the public peace, health, or safety, or support of the state government and its existing public institutions, and takes effect immediately.

Passed by the House March 6, 2012.
Passed by the Senate March 5, 2012.
Approved by the Governor March 29, 2012.
Filed in Office of Secretary of State March 29, 2012.