# EXHIBIT B

CERTIFICATION OF ENROLLMENT

**HOUSE BILL 1349**

Chapter 206, Laws of 2023

68th Legislature
2023 Regular Session

FORECLOSURES—VARIOUS PROVISIONS

EFFECTIVE DATE: July 23, 2023—Except for sections 7 through 9 and 12, which take effect May 1, 2023.

Passed by the House April 14, 2023
  Yeas 96  Nays 0

_____
LAURIE JINKINS
**Speaker of the House of Representatives**

Passed by the Senate April 6, 2023
  Yeas 46  Nays 0

_____
DENNY HECK
**President of the Senate**

Approved May 1, 2023 3:01 PM

CERTIFICATE

I, Bernard Dean, Chief Clerk of the House of Representatives of the State of Washington, do hereby certify that the attached is **HOUSE BILL 1349** as passed by the House of Representatives and the Senate on the dates hereon set forth.

_____
BERNARD DEAN
**Chief Clerk**

FILED

May 2, 2023

_____
JAY INSLEE
**Governor of the State of Washington**

**Secretary of State**
**State of Washington**

## HOUSE BILL 1349

AS AMENDED BY THE SENATE

Passed Legislature - 2023 Regular Session

**State of Washington**     **68th Legislature**     **2023 Regular Session**

**By** Representatives Orwall, Leavitt, Ramel, Kloba, Reed, Lekanoff, Pollet, and Fosse

Read first time 01/16/23.  Referred to Committee on Housing.

1      AN ACT Relating to foreclosure protections; amending RCW
2  61.24.008, 61.24.030, 61.24.040, 61.24.160, 61.24.163, 61.24.165,
3  61.24.166, 61.24.190, and 61.24.135; adding a new section to chapter
4  61.24 RCW; adding a new section to chapter 61.12 RCW; providing a
5  contingent expiration date; and declaring an emergency.

6  BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF WASHINGTON:

7      **Sec. 1.**  RCW 61.24.008 and 2012 c 185 s 11 are each amended to
8  read as follows:
9      (1) A borrower who has been referred to mediation before June 7,
10 2012, may continue through the mediation process and does not lose
11 his or her right to mediation.
12     (2) A borrower who has not been referred to mediation as of June
13 7, 2012, may only be referred to mediation after a notice of default
14 has been issued but no later than ((twenty days from the date a
15 notice of sale is recorded)) 90 days prior to the date of sale listed
16 in the notice of trustee's sale. If an amended notice of trustee's
17 sale is recorded after the trustee sale has been stayed pursuant to
18 RCW 61.24.130, the borrower may be referred to mediation no later
19 than 25 days prior to the date of sale listed in the amended notice
20 of trustee's sale.

1    (3) A borrower who has not been referred to mediation as of June
2 7, 2012, and who has had a notice of sale recorded may only be
3 referred to mediation if the referral is made ((before twenty days
4 have passed from the date the notice of sale was recorded)) at least
5 90 days prior to the date of sale listed in the notice of trustee's
6 sale. If an amended notice of trustee's sale is recorded, the
7 borrower may be referred to mediation no later than 25 days prior to
8 the date of sale listed in the amended notice of trustee's sale.

9    **Sec. 2.**  RCW 61.24.030 and 2021 c 151 s 3 are each amended to
10 read as follows:

11    It shall be requisite to a trustee's sale:

12    (1) That the deed of trust contains a power of sale;

13    (2) That the deed of trust contains a statement that the real
14 property conveyed is not used principally for agricultural purposes;
15 provided, if the statement is false on the date the deed of trust was
16 granted or amended to include that statement, and false on the date
17 of the trustee's sale, then the deed of trust must be foreclosed
18 judicially. Real property is used for agricultural purposes if it is
19 used in an operation that produces crops, livestock, or aquatic
20 goods;

21    (3) That a default has occurred in the obligation secured or a
22 covenant of the grantor, which by the terms of the deed of trust
23 makes operative the power to sell;

24    (4) That no action commenced by the beneficiary of the deed of
25 trust is now pending to seek satisfaction of an obligation secured by
26 the deed of trust in any court by reason of the grantor's default on
27 the obligation secured: PROVIDED, That (a) the seeking of the
28 appointment of a receiver, or the filing of a civil case to obtain
29 court approval to access, secure, maintain, and preserve property
30 from waste or nuisance, shall not constitute an action for purposes
31 of this chapter; and (b) if a receiver is appointed, the grantor
32 shall be entitled to any rents or profits derived from property
33 subject to a homestead as defined in RCW 6.13.010. If the deed of
34 trust was granted to secure a commercial loan, this subsection shall
35 not apply to actions brought to enforce any other lien or security
36 interest granted to secure the obligation secured by the deed of
37 trust being foreclosed;

38    (5) That the deed of trust has been recorded in each county in
39 which the land or some part thereof is situated;

1    (6) That prior to the date of the notice of trustee's sale and
2    continuing thereafter through the date of the trustee's sale, the
3    trustee must maintain a street address in this state where personal
4    service of process may be made, and the trustee must maintain a
5    physical presence and have telephone service at such address;

6    (7)(a) That, for residential real property of up to four units,
7    before the notice of trustee's sale is recorded, transmitted, or
8    served, the trustee shall have proof that the beneficiary is the
9    holder of any promissory note or other obligation secured by the deed
10   of trust. A declaration by the beneficiary made under the penalty of
11   perjury stating that the beneficiary is the holder of any promissory
12   note or other obligation secured by the deed of trust shall be
13   sufficient proof as required under this subsection.

14   (b) Unless the trustee has violated his or her duty under RCW
15   61.24.010(4), the trustee is entitled to rely on the beneficiary's
16   declaration as evidence of proof required under this subsection.

17   (c) This subsection (7) does not apply to association
18   beneficiaries subject to chapter 64.32, 64.34, or 64.38 RCW;

19   (8) That at least ((thirty)) 30 days before notice of sale shall
20   be recorded, transmitted or served, written notice of default and,
21   for residential real property of up to four units, the beneficiary
22   declaration specified in subsection (7)(a) of this section shall be
23   transmitted by the beneficiary or trustee to the borrower and grantor
24   at their last known addresses by both first-class and either
25   registered or certified mail, return receipt requested, and the
26   beneficiary or trustee shall cause to be posted in a conspicuous
27   place on the premises, a copy of the notice, or personally served on
28   the borrower and grantor. This notice shall contain the following
29   information:

30   (a) A description of the property which is then subject to the
31   deed of trust;

32   (b) A statement identifying each county in which the deed of
33   trust is recorded and the document number given to the deed of trust
34   upon recording by each county auditor or recording officer;

35   (c) A statement that the beneficiary has declared the borrower or
36   grantor to be in default, and a concise statement of the default
37   alleged;

38   (d) An itemized account of the amount or amounts in arrears if
39   the default alleged is failure to make payments;

1    (e) An itemized account of all other specific charges, costs, or
2 fees that the borrower, grantor, or any guarantor is or may be
3 obliged to pay to reinstate the deed of trust before the recording of
4 the notice of sale;

5    (f) A statement showing the total of (d) and (e) of this
6 subsection, designated clearly and conspicuously as the amount
7 necessary to reinstate the note and deed of trust before the
8 recording of the notice of sale;

9    (g) A statement that failure to cure the alleged default within
10 ((~~thirty~~)) 30 days of the date of mailing of the notice, or if
11 personally served, within ((~~thirty~~)) 30 days of the date of personal
12 service thereof, may lead to recordation, transmittal, and
13 publication of a notice of sale, and that the property described in
14 (a) of this subsection may be sold at public auction at a date no
15 less than ((~~one hundred twenty~~)) 120 days in the future, or no less
16 than ((~~one hundred fifty~~)) 150 days in the future if the borrower
17 received a letter under RCW 61.24.031;

18    (h) A statement that the effect of the recordation, transmittal,
19 and publication of a notice of sale will be to (i) increase the costs
20 and fees and (ii) publicize the default and advertise the grantor's
21 property for sale;

22    (i) A statement that the effect of the sale of the grantor's
23 property by the trustee will be to deprive the grantor of all their
24 interest in the property described in (a) of this subsection;

25    (j) A statement that the borrower, grantor, and any guarantor has
26 recourse to the courts pursuant to RCW 61.24.130 to contest the
27 alleged default on any proper ground;

28    (k) In the event the property secured by the deed of trust is
29 residential real property of up to four units, a statement,
30 prominently set out at the beginning of the notice, which shall state
31 as follows:

32    **"THIS NOTICE IS ONE STEP IN A PROCESS THAT COULD RESULT IN YOUR**
33                              **LOSING YOUR HOME.**

34 You may be eligible for mediation in front of a neutral third party
35 to help save your home.

36 **CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW**
37 to assess your situation and refer you to mediation if you might
38 benefit. Mediation **MUST** be requested between the time you receive the
39 Notice of Default and no later than ((~~twenty days after the Notice of~~

1  ~~Trustee Sale is recorded~~)) **90 calendar days BEFORE the date of sale**
2  **listed in the Notice of Trustee Sale. If an amended Notice of Trustee**
3  **Sale is recorded providing a 45-day notice of the sale, mediation**
4  **must be requested no later than 25 calendar days BEFORE the date of**
5  **sale** listed in the amended Notice of Trustee Sale.

6  **DO NOT DELAY.** If you do nothing, a notice of sale may be issued as
7  soon as 30 days from the date of this notice of default. The notice
8  of sale will provide a minimum of 120 days' notice of the date of the
9  actual foreclosure sale.

10 **BE CAREFUL** of people who claim they can help you. There are many
11 individuals and businesses that prey upon borrowers in distress.

12 **REFER TO THE CONTACTS BELOW** for sources of assistance.

13                       **SEEKING ASSISTANCE**

14 Housing counselors and legal assistance may be available at little or
15 no cost to you. If you would like assistance in determining your
16 rights and opportunities to keep your house, you may contact the
17 following:
18 The statewide foreclosure hotline for assistance and referral to
19 housing counselors recommended by the Housing Finance Commission
20 Telephone: . . . . . . Website: . . . . . .
21 The United States Department of Housing and Urban Development
22 Telephone: . . . . . . Website: . . . . . .
23 The statewide civil legal aid hotline for assistance and referrals to
24 other housing counselors and attorneys
25 Telephone: . . . . . . Website: . . . . . ."

26     The beneficiary or trustee shall obtain the toll-free numbers and
27 website information from the department for inclusion in the notice;

28     (l) In the event the property secured by the deed of trust is
29 residential real property of up to four units, the name and address
30 of the holder of any promissory note or other obligation secured by
31 the deed of trust and the name, address, and telephone number of a
32 party acting as a servicer of the obligations secured by the deed of
33 trust;

34     (m) For notices issued after June 30, 2018, on the top of the
35 first page of the notice:

36     (i) The current beneficiary of the deed of trust;

37     (ii) The current mortgage servicer for the deed of trust; and

38     (iii) The current trustee for the deed of trust;

1    (9) That, for residential real property of up to four units,
2 before the notice of the trustee's sale is recorded, transmitted, or
3 served, the beneficiary has complied with RCW 61.24.031 and, if
4 applicable, RCW 61.24.163;

5    (10) That, in the case where the borrower or grantor is known to
6 the mortgage servicer or trustee to be deceased, the notice required
7 under subsection (8) of this section must be sent to any spouse,
8 child, or parent of the borrower or grantor known to the trustee or
9 mortgage servicer, and to any owner of record of the property, at any
10 address provided to the trustee or mortgage servicer, and to the
11 property addressed to the heirs and devisees of the borrower.

12    (a) If the name or address of any spouse, child, or parent of
13 such deceased borrower or grantor cannot be ascertained with use of
14 reasonable diligence, the trustee must execute and record with the
15 notice of sale a declaration attesting to the same.

16    (b) Reasonable diligence for the purposes of this subsection (10)
17 means the trustee shall search in the county where the property is
18 located, the public records and information for any obituary, will,
19 death certificate, or case in probate within the county for the
20 borrower and grantor;

21    (11) Upon written notice identifying the property address and the
22 name of the borrower to the servicer or trustee by someone claiming
23 to be a successor in interest to the borrower's or grantor's property
24 rights, but who is not a party to the loan or promissory note or
25 other obligation secured by the deed of trust, a trustee shall not
26 record a notice of sale pursuant to RCW 61.24.040 until the trustee
27 or mortgage servicer completes the following:

28    (a) Acknowledges the notice in writing and requests reasonable
29 documentation of the death of the borrower or grantor from the
30 claimant including, but not limited to, a death certificate or other
31 written evidence of the death of the borrower or grantor. Other
32 written evidence of the death of the borrower or grantor may include
33 an obituary, a published death notice, or documentation of an open
34 probate action for the estate of the borrower or grantor. The
35 claimant must be allowed ((thirty)) 30 days from the date of this
36 request to present this documentation. If the trustee or mortgage
37 servicer has already obtained sufficient proof of the borrower's
38 death, it may proceed by acknowledging the claimant's notice in
39 writing and issuing a request under (b) of this subsection.

(b) If the mortgage servicer or trustee obtains or receives
written documentation of the death of the borrower or grantor from
the claimant, or otherwise independently confirms the death of the
borrower or grantor, then the servicer or trustee must request in
writing documentation from the claimant demonstrating the ownership
interest of the claimant in the real property. A claimant has
((sixty)) 60 days from the date of the request to present this
documentation. Documentation demonstrating the ownership interest of
the claimant in the real property includes, but is not limited to,
one of the following:

(i) Excerpts of a trust document noting the claimant as a
beneficiary of a trust with title to the real property;

(ii) A will of the borrower or grantor listing the claimant as an
heir or devisee with respect to the real property;

(iii) A probate order or finding of heirship issued by any court
documenting the claimant as an heir or devisee or awarding the real
property to the claimant;

(iv) A recorded lack of probate affidavit signed by any heir
listing the claimant as an heir of the borrower or grantor pursuant
to the laws of intestacy;

(v) A deed, such as a personal representative's deed, trustee's
deed issued on behalf of a trust, statutory warranty deed, transfer
on death deed, or other deed, giving any ownership interest to the
claimant resulting from the death of the borrower or grantor or
executed by the borrower or grantor for estate planning purposes; and

(vi) Other proof documenting the claimant as an heir of the
borrower or grantor pursuant to state rules of intestacy set forth in
chapter 11.04 RCW.

(c) If the mortgage servicer or trustee receives written
documentation demonstrating the ownership interest of the claimant
prior to the expiration of the ((sixty)) 60 days provided in (b) of
this subsection, then the servicer or trustee must, within ((twenty))
20 days of receipt of proof of ownership interest, provide the
claimant with, at a minimum, the loan balance, interest rate and
interest reset dates and amounts, balloon payments if any, prepayment
penalties if any, the basis for the default, the monthly payment
amount, reinstatement amounts or conditions, payoff amounts, and
information on how and where payments should be made. The mortgage
servicers shall also provide the claimant application materials and

1 information, or a description of the process, necessary to request a
2 loan assumption and modification.

3      (d) Upon receipt by the trustee or the mortgage servicer of the
4 documentation establishing claimant's ownership interest in the real
5 property, that claimant shall be deemed a "successor in interest" for
6 the purposes of this section.

7      (e) There may be more than one successor in interest to the
8 borrower's property rights. The trustee and mortgage servicer shall
9 apply the provisions of this section to each successor in interest.
10 In the case of multiple successors in interest, where one or more do
11 not wish to assume the loan as coborrowers or coapplicants, a
12 mortgage servicer may require any nonapplicant successor in interest
13 to consent in writing to the application for loan assumption.

14      (f) The existence of a successor in interest under this section
15 does not impose an affirmative duty on a mortgage servicer or alter
16 any obligation the mortgage servicer has to provide a loan
17 modification to the successor in interest. If a successor in interest
18 assumes the loan, he or she may be required to otherwise qualify for
19 available foreclosure prevention alternatives offered by the mortgage
20 servicer.

21      (g) (c), (e), and (f) of this subsection (11) do not apply to
22 association beneficiaries subject to chapter 64.32, 64.34, or 64.38
23 RCW; and

24      (12) Nothing in this section shall prejudice the right of the
25 mortgage servicer or beneficiary from discontinuing any foreclosure
26 action initiated under the deed of trust act in favor of other
27 allowed methods for pursuit of foreclosure of the security interest
28 or deed of trust security interest.

29      **Sec. 3.**  RCW 61.24.040 and 2018 c 306 s 2 are each amended to
30 read as follows:

31      A deed of trust foreclosed under this chapter shall be foreclosed
32 as follows:

33      (1) At least ((ninety)) 90 days before the sale, or if a letter
34 under RCW 61.24.031 is required, at least ((one hundred twenty)) 120
35 days before the sale, the trustee shall:

36      (a) Record a notice in the form described in subsection (2) of
37 this section in the office of the auditor in each county in which the
38 deed of trust is recorded;

1    (b) To the extent the trustee elects to foreclose its lien or
2    interest, or the beneficiary elects to preserve its right to seek a
3    deficiency judgment against a borrower or grantor under RCW
4    61.24.100(3)(a), and if their addresses are stated in a recorded
5    instrument evidencing their interest, lien, or claim of lien, or an
6    amendment thereto, or are otherwise known to the trustee, cause a
7    copy of the notice of sale described in subsection (2) of this
8    section to be transmitted by both first-class and either certified or
9    registered mail, return receipt requested, to the following persons
10   or their legal representatives, if any, at such address:
11   (i)(A) The borrower and grantor;
12   (B) In the case where the borrower or grantor is deceased, to any
13   successors in interest. If no successor in interest has been
14   established, then to any spouse, child, or parent of the borrower or
15   grantor, at the addresses discovered by the trustee pursuant to RCW
16   61.24.030(10);
17   (ii) The beneficiary of any deed of trust or mortgagee of any
18   mortgage, or any person who has a lien or claim of lien against the
19   property, that was recorded subsequent to the recordation of the deed
20   of trust being foreclosed and before the recordation of the notice of
21   sale;
22   (iii) The vendee in any real estate contract, the lessee in any
23   lease, or the holder of any conveyances of any interest or estate in
24   any portion or all of the property described in such notice, if that
25   contract, lease, or conveyance of such interest or estate, or a
26   memorandum or other notice thereof, was recorded after the
27   recordation of the deed of trust being foreclosed and before the
28   recordation of the notice of sale;
29   (iv) The last holder of record of any other lien against or
30   interest in the property that is subject to a subordination to the
31   deed of trust being foreclosed that was recorded before the
32   recordation of the notice of sale;
33   (v) The last holder of record of the lien of any judgment
34   subordinate to the deed of trust being foreclosed; and
35   (vi) The occupants of property consisting solely of a single-
36   family residence, or a condominium, cooperative, or other dwelling
37   unit in a multiplex or other building containing fewer than five
38   residential units, whether or not the occupant's rental agreement is
39   recorded, which notice may be a single notice addressed to
40   "occupants" for each unit known to the trustee or beneficiary;

1    (c) Cause a copy of the notice of sale described in subsection
2    (2) of this section to be transmitted by both first-class and either
3    certified or registered mail, return receipt requested, to the
4    plaintiff or the plaintiff's attorney of record, in any court action
5    to foreclose a lien or other encumbrance on all or any part of the
6    property, provided a court action is pending and a lis pendens in
7    connection therewith is recorded in the office of the auditor of any
8    county in which all or part of the property is located on the date
9    the notice is recorded;

10    (d) Cause a copy of the notice of sale described in subsection
11    (2) of this section to be transmitted by both first-class and either
12    certified or registered mail, return receipt requested, to any person
13    who has recorded a request for notice in accordance with RCW
14    61.24.045, at the address specified in such person's most recently
15    recorded request for notice;

16    (e) Cause a copy of the notice of sale described in subsection
17    (2) of this section to be posted in a conspicuous place on the
18    property, or in lieu of posting, cause a copy of said notice to be
19    served upon any occupant of the property.

20    (2)(a) If foreclosing on a commercial loan under RCW
21    61.24.005(4), the title of the document must be "Notice of Trustee's
22    Sale of Commercial Loan(s)";

23    (b) In addition to all other indexing requirements, the notice
24    required in subsection (1) of this section must clearly indicate on
25    the first page the following information, which the auditor will
26    index:

27    (i) The document number or numbers given to the deed of trust
28    upon recording;

29    (ii) The parcel number(s);

30    (iii) The grantor;

31    (iv) The current beneficiary of the deed of trust;

32    (v) The current trustee of the deed of trust; and

33    (vi) The current loan mortgage servicer of the deed of trust;

34    (c) Nothing in this section:

35    (i) Requires a trustee or beneficiary to cause to be recorded any
36    new notice of trustee's sale upon transfer of the beneficial interest
37    in a deed of trust or the servicing rights for the associated
38    mortgage loan;

1    (ii) Relieves a mortgage loan servicer of any obligation to
2   provide the borrower with notice of a transfer of servicing rights or
3   other legal obligations related to the transfer; or

4    (iii) Prevents the trustee from disclosing the beneficiary's
5   identity to the borrower and to county and municipal officials
6   seeking to abate nuisance and abandoned property in foreclosure
7   pursuant to chapter 35.21 RCW.

8    (d) The notice must be in substantially the following form:

9                     NOTICE OF TRUSTEE'S SALE
10   Grantor: ..............
11   Current beneficiary of the deed of trust: ..............
12   Current trustee of the deed of trust: ..............
13   Current mortgage servicer of the deed of trust: ..............
14   Reference number of the deed of trust: ..............
15   Parcel number(s): ..............

16                               I.

17   NOTICE IS HEREBY GIVEN that the undersigned Trustee will on
18   the . . . . day of . . . . . ., . . ., at the hour of . . . .
19   o'clock    .        .        .        .        M.        at
20   . . . . . . . . . . . . . . . . . . . . . . . . . . [street
21   address  and  location  if  inside  a  building]  in  the  City
22   of . . . . . ., State of Washington, sell at public auction to the
23   highest and best bidder, payable at the time of sale, the following
24   described real property, situated in the County(ies) of . . . . . .,
25   State of Washington, to-wit:

26     [If any personal property is to be included in the trustee's
27     sale, include a description that reasonably identifies such
28     personal property]

29   which   is   subject   to   that   certain   Deed   of   Trust
30   dated . . . . . ., . . ., recorded . . . . . ., . . ., under
31   Auditor's File No. . . . ., records of . . . . . . County,
32   Washington, from . . . . . . . . ., as Grantor, to . . . . . . . .,
33   as Trustee, to secure an obligation in favor of . . . . . . . . ., as
34   Beneficiary, the beneficial interest in which was assigned
35   by . . . . . . . . ., under an Assignment recorded under Auditor's
36   File No. . . . . [Include recording information for all counties if
37   the Deed of Trust is recorded in more than one county.]

38                              II.

1  No action commenced by the Beneficiary of the Deed of Trust is now
2  pending to seek satisfaction of the obligation in any Court by reason
3  of the Borrower's or Grantor's default on the obligation secured by
4  the Deed of Trust.

5    [If there is another action pending to foreclose other
6    security for all or part of the same debt, qualify the
7    statement and identify the action.]

8                                    III.

9  The default(s) for which this foreclosure is made is/are as follows:

10   [If default is for other than payment of money, set forth the
11   particulars]

12 Failure to pay when due the following amounts which are now in
13 arrears:

14                                    IV.

15 The sum owing on the obligation secured by the Deed of Trust is:
16 Principal $ . . . . . ., together with interest as provided in the
17 note or other instrument secured from the . . . . day
18 of . . . . . ., . . ., and such other costs and fees as are due under
19 the note or other instrument secured, and as are provided by statute.

20                                    V.

21 The above-described real property will be sold to satisfy the expense
22 of sale and the obligation secured by the Deed of Trust as provided
23 by statute. The sale will be made without warranty, express or
24 implied, regarding title, possession, or encumbrances on the . . . .
25 day of . . . . . ., . . . The default(s) referred to in paragraph III
26 must be cured by the . . . . day of . . . . . ., . . . (11 days
27 before the sale date), to cause a discontinuance of the sale. The
28 sale will be discontinued and terminated if at any time on or before
29 the . . . . day of . . . . . ., . . ., (11 days before the sale
30 date), the default(s) as set forth in paragraph III is/are cured and
31 the Trustee's fees and costs are paid. The sale may be terminated any
32 time after the . . . . day of . . . . . ., . . . (11 days before the
33 sale date), and before the sale by the Borrower, Grantor, any
34 Guarantor, or the holder of any recorded junior lien or encumbrance
35 paying the entire principal and interest secured by the Deed of
36 Trust, plus costs, fees, and advances, if any, made pursuant to the

1  terms of the obligation and/or Deed of Trust, and curing all other
2  defaults.

3                                  VI.

4  A written notice of default was transmitted by the Beneficiary or
5  Trustee to the Borrower and Grantor at the following addresses:

6                          ....................

7                          ....................

8                          ....................

9  by both first-class and certified mail on the . . . . day
10 of . . . . . ., . . ., proof of which is in the possession of the
11 Trustee; and the Borrower and Grantor were personally served on
12 the . . . . day of . . . . . ., . . ., with said written notice of
13 default or the written notice of default was posted in a conspicuous
14 place on the real property described in paragraph I above, and the
15 Trustee has possession of proof of such service or posting.

16                                 VII.

17 The Trustee whose name and address are set forth below will provide
18 in writing to anyone requesting it, a statement of all costs and fees
19 due at any time prior to the sale.

20                                VIII.

21 The effect of the sale will be to deprive the Grantor and all those
22 who hold by, through or under the Grantor of all their interest in
23 the above-described property.

24                                 IX.

25 Anyone having any objection to the sale on any grounds whatsoever
26 will be afforded an opportunity to be heard as to those objections if
27 they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130.
28 Failure to bring such a lawsuit may result in a waiver of any proper
29 grounds for invalidating the Trustee's sale.

30 [Add Part X to this notice if applicable under RCW 61.24.040(11)]

31                          ................................

32                          .......... ,  Trustee

```
 1                          ......  ⎤
 2                                  ⎬
 3                                  ⎦
 4
 5
 6                          ......       Address
 7                          ......
 8                          ......  }   Phone
```

9    [Acknowledgment]

10       (3) If the borrower received a letter under RCW 61.24.031, the
11   notice specified in subsection (2)(d) of this section shall also
12   include the following additional language:

13       **"THIS NOTICE IS THE FINAL STEP BEFORE THE FORECLOSURE SALE OF YOUR**
14                               **HOME.**

15   You have only ((20 DAYS from the recording date on this notice to
16   pursue mediation)) **until 90 calendar days BEFORE the date of sale**
17   listed in this Notice of Trustee Sale to be referred to mediation. If
18   this is an amended Notice of Trustee Sale providing a 45-day notice
19   of the sale, mediation must be requested no later than **25 calendar**
20   **days BEFORE the date of sale** listed in this amended Notice of Trustee
21   Sale.

22   **DO NOT DELAY. CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN**
23   **WASHINGTON NOW** to assess your situation and refer you to mediation if
24   you are eligible and it may help you save your home. See below for
25   safe sources of help.

26                            **SEEKING ASSISTANCE**

27   Housing counselors and legal assistance may be available at little or
28   no cost to you. If you would like assistance in determining your
29   rights and opportunities to keep your house, you may contact the
30   following:
31   The statewide foreclosure hotline for assistance and referral to
32   housing counselors recommended by the Housing Finance Commission
33   Telephone: . . . . . . . . Website: . . . . . . . .
34   The United States Department of Housing and Urban Development
35   Telephone: . . . . . . . . Website: . . . . . . . .
36   The statewide civil legal aid hotline for assistance and referrals to
37   other housing counselors and attorneys

1 Telephone: . . . . . . . Website: . . . . . . . ."

2     The beneficiary or trustee shall obtain the toll-free numbers and
3 website information from the department for inclusion in the notice;

4     (4) In addition to providing the borrower and grantor the notice
5 of sale described in subsection (2) of this section, the trustee
6 shall include with the copy of the notice which is mailed to the
7 grantor, a statement to the grantor in substantially the following
8 form:

9                        NOTICE OF FORECLOSURE
10           Pursuant to the Revised Code of Washington,
11                   Chapter 61.24 RCW

12     The attached Notice of Trustee's Sale is a consequence of
13 default(s) in the obligation to . . . . . ., the Beneficiary of your
14 Deed of Trust and holder of the obligation secured thereby. Unless
15 the default(s) is/are cured, your property will be sold at auction on
16 the . . . . day of . . . . ., . . .

17     To cure the default(s), you must bring the payments current, cure
18 any other defaults, and pay accrued late charges and other costs,
19 advances, and attorneys' fees as set forth below by the . . . . day
20 of . . . . . ., . . . [11 days before the sale date]. To date, these
21 arrears and costs are as follows:

| | Currently due to reinstate on . . . . . . . . . . . | Estimated amount that will be due to reinstate on . . . . . . . . . . . (11 days before the date set for sale) |
|---|---|---|
| Delinquent payments from . . . . . ., . . ., in the amount of $ . . . ./mo.: | $ . . . . | $ . . . . |
| Late charges in the total amount of: | $ . . . . | $ . . . . |

| | Estimated | Amounts |
|---|---|---|
| Attorneys' fees: | $ . . . . | $ . . . . |
| Trustee's fee: | $ . . . . | $ . . . . |
| Trustee's expenses: | | |
| (Itemization) | | |
| Title report | $ . . . . | $ . . . . |
| Recording fees | $ . . . . | $ . . . . |
| Service/Posting of Notices | $ . . . . | $ . . . . |
| Postage/Copying expense | $ . . . . | $ . . . . |
| Publication | $ . . . . | $ . . . . |
| Telephone charges | $ . . . . | $ . . . . |
| Inspection fees | $ . . . . | $ . . . . |
| . . . . . . | $ . . . . | $ . . . . |
| . . . . . . | $ . . . . | $ . . . . |
| TOTALS | $ . . . . | $ . . . . |

To pay off the entire obligation secured by your Deed of Trust as of the . . . . . day of . . . . . . . you must pay a total of $. . . . . in principal, $. . . . . in interest, plus other costs and advances estimated to date in the amount of $. . . . . . From and after the date of this notice you must submit a written request to the Trustee to obtain the total amount to pay off the entire obligation secured by your Deed of Trust as of the payoff date.

As to the defaults which do not involve payment of money to the Beneficiary of your Deed of Trust, you must cure each such default. Listed below are the defaults which do not involve payment of money to the Beneficiary of your Deed of Trust. Opposite each such listed default is a brief description of the action necessary to cure the default and a description of the documentation necessary to show that the default has been cured.

| Default | Description of Action Required to Cure and Documentation Necessary to Show Cure |
|---|---|
| . . . . . . | . . . . . . . . . . . . . . . . . . . . . . . . . . . . |

```
1                              .............................
2                              .............................
3                 ......       .............................
4                              .............................
5                              .............................
```

6    You may reinstate your Deed of Trust and the obligation secured
7  thereby at any time up to and including the . . . . day
8  of . . . . . ., . . . [11 days before the sale date], by paying the
9  amount set forth or estimated above and by curing any other defaults
10 described above. Of course, as time passes other payments may become
11 due, and any further payments coming due and any additional late
12 charges must be added to your reinstating payment. Any new defaults
13 not involving payment of money that occur after the date of this
14 notice must also be cured in order to effect reinstatement. In
15 addition, because some of the charges can only be estimated at this
16 time, and because the amount necessary to reinstate or to pay off the
17 entire indebtedness may include presently unknown expenditures
18 required to preserve the property or to comply with state or local
19 law, it will be necessary for you to contact the Trustee before the
20 time you tender reinstatement or the payoff amount so that you may be
21 advised of the exact amount you will be required to pay. Tender of
22 payment or performance must be made to: . . . . . ., whose address
23 is . . . . . ., telephone (  ) . . . . . . AFTER THE . . . . DAY
24 OF . . . . . ., . . ., YOU MAY NOT REINSTATE YOUR DEED OF TRUST BY
25 PAYING THE BACK PAYMENTS AND COSTS AND FEES AND CURING THE OTHER
26 DEFAULTS AS OUTLINED ABOVE. The Trustee will respond to any written
27 request for current payoff or reinstatement amounts within ((ten)) 10
28 days of receipt of your written request. In such a case, you will
29 only be able to stop the sale by paying, before the sale, the total
30 principal balance ($ . . . . . .) plus accrued interest, costs and
31 advances, if any, made pursuant to the terms of the documents and by
32 curing the other defaults as outlined above.
33    You may contest this default by initiating court action in the
34 Superior Court of the county in which the sale is to be held. In such
35 action, you may raise any legitimate defenses you have to this
36 default. A copy of your Deed of Trust and documents evidencing the
37 obligation secured thereby are enclosed. You may wish to consult a
38 lawyer. Legal action on your part may prevent or restrain the sale,

1 but only if you persuade the court of the merits of your defense. You
2 may contact the Department of Financial Institutions or the statewide
3 civil legal aid hotline for possible assistance or referrals.

4 The court may grant a restraining order or injunction to restrain
5 a trustee's sale pursuant to RCW 61.24.130 upon five days notice to
6 the trustee of the time when, place where, and the judge before whom
7 the application for the restraining order or injunction is to be
8 made. This notice shall include copies of all pleadings and related
9 documents to be given to the judge. Notice and other process may be
10 served on the trustee at:

11 NAME: ...............................

12 ADDRESS: ........................

13 ........................

14 TELEPHONE NUMBER: ...............

15 If you do not reinstate the secured obligation and your Deed of
16 Trust in the manner set forth above, or if you do not succeed in
17 restraining the sale by court action, your property will be sold. The
18 effect of such sale will be to deprive you and all those who hold by,
19 through or under you of all interest in the property;

20 (5) In addition, the trustee shall cause a copy of the notice of
21 sale described in subsection (2)(d) of this section (excluding the
22 acknowledgment) to be published in a legal newspaper in each county
23 in which the property or any part thereof is situated, once on or
24 between the ((thirty-fifth)) 35th and ((twenty-eighth)) 28th day
25 before the date of sale, and once on or between the ((fourteenth))
26 14th and seventh day before the date of sale;

27 (6) In the case where no successor in interest has been
28 established, and neither the beneficiary nor the trustee are able to
29 ascertain the name and address of any spouse, child, or parent of the
30 borrower or grantor in the manner described in RCW 61.24.030(10),
31 then the trustee may, in addition to mailing notice to the property
32 addressed to the unknown heirs and devisees of the grantor, serve the
33 notice of sale by publication in a newspaper of general circulation
34 in the county or city where the property is located once per week for
35 three consecutive weeks. Upon this service by publication, to be
36 completed not less than ((thirty)) 30 days prior to the date the sale
37 is conducted, all unknown heirs shall be deemed served with the
38 notice of sale;

1     (7)(a) If a servicer or trustee receives notification by someone
2 claiming to be a successor in interest to the borrower or grantor, as
3 under RCW 61.24.030(11), after the recording of the notice of sale,
4 the trustee or servicer must request written documentation within
5 five days demonstrating the ownership interest, provided that, the
6 trustee may, but is not required to, postpone a trustee's sale upon
7 receipt of such notification by someone claiming to be a successor in
8 interest.

9     (b) Upon receipt of documentation establishing a claimant as a
10 successor in interest, the servicer must provide the information in
11 RCW 61.24.030(11)(c). Only if the servicer or trustee receives the
12 documentation confirming someone as successor in interest more than
13 ((forty-five)) 45 days before the scheduled sale must the servicer
14 then provide the information in RCW 61.24.030(11)(c) to the claimant
15 not less than ((twenty)) 20 days prior to the sale.

16     (c) (b) of this subsection (7) does not apply to association
17 beneficiaries subject to chapter 64.32, 64.34, or 64.38 RCW.

18     (8) On the date and at the time designated in the notice of sale,
19 the trustee or its authorized agent shall sell the property at public
20 auction to the highest bidder. The trustee may sell the property in
21 gross or in parcels as the trustee shall deem most advantageous;

22     (9) The place of sale shall be at any designated public place
23 within the county where the property is located and if the property
24 is in more than one county, the sale may be in any of the counties
25 where the property is located. The sale shall be on Friday, or if
26 Friday is a legal holiday on the following Monday, and during the
27 hours set by statute for the conduct of sales of real estate at
28 execution;

29     (10) The trustee has no obligation to, but may, for any cause the
30 trustee deems advantageous, continue the sale for a period or periods
31 not exceeding a total of ((one hundred twenty)) 120 days by (a) a
32 public proclamation at the time and place fixed for sale in the
33 notice of sale and if the continuance is beyond the date of sale, by
34 giving notice of the new time and place of the sale by both first
35 class and either certified or registered mail, return receipt
36 requested, to the persons specified in subsection (1)(b)(i) and (ii)
37 of this section to be deposited in the mail (i) not less than four
38 days before the new date fixed for the sale if the sale is continued
39 for up to seven days; or (ii) not more than three days after the date
40 of the continuance by oral proclamation if the sale is continued for

1   more than seven days, or, alternatively, (b) by giving notice of the
2   time and place of the postponed sale in the manner and to the persons
3   specified in subsection (1)(b), (c), (d), and (e) of this section and
4   publishing a copy of such notice once in the newspaper(s) described
5   in subsection (5) of this section, more than seven days before the
6   date fixed for sale in the notice of sale. No other notice of the
7   postponed sale need be given;

8       (11) The purchaser shall forthwith pay the price bid ((and on
9   payment)). On payment and subject to RCW 61.24.050, the trustee shall
10  execute to the purchaser its deed((; the)). The deed shall recite the
11  facts showing that the sale was conducted in compliance with all of
12  the requirements of this chapter and of the deed of trust, which
13  recital shall be prima facie evidence of such compliance and
14  conclusive evidence thereof in favor of bona fide purchasers and
15  encumbrancers for value, except that these recitals shall not affect
16  the lien or interest of any person entitled to notice under
17  subsection (1) of this section, if the trustee fails to give the
18  required notice to such person. In such case, the lien or interest of
19  such omitted person shall not be affected by the sale and such
20  omitted person shall be treated as if such person was the holder of
21  the same lien or interest and was omitted as a party defendant in a
22  judicial foreclosure proceeding;

23      (12) The sale as authorized under this chapter shall not take
24  place less than ((one hundred ninety)) 190 days from the date of
25  default in any of the obligations secured;

26      (13) If the trustee elects to foreclose the interest of any
27  occupant or tenant of property comprised solely of a single-family
28  residence, or a condominium, cooperative, or other dwelling unit in a
29  multiplex or other building containing fewer than five residential
30  units, the following notice shall be included as Part X of the Notice
31  of Trustee's Sale:

32              X. NOTICE TO OCCUPANTS OR TENANTS

33  The purchaser at the trustee's sale is entitled to possession of the
34  property on the 20th day following the sale, as against the grantor
35  under the deed of trust (the owner) and anyone having an interest
36  junior to the deed of trust, including occupants who are not tenants.
37  After the 20th day following the sale the purchaser has the right to
38  evict occupants who are not tenants by summary proceedings under
39  chapter 59.12 RCW. For tenant-occupied property, the purchaser shall

provide a tenant with written notice in accordance with RCW
61.24.060;

(14) Only one copy of all notices required by this chapter need
be given to a person who is both the borrower and the grantor. All
notices required by this chapter that are given to a general
partnership are deemed given to each of its general partners, unless
otherwise agreed by the parties.

**Sec. 4.** RCW 61.24.160 and 2012 c 185 s 5 are each amended to
read as follows:

(1)(a) A housing counselor who is contacted by a borrower under
RCW 61.24.031 has a duty to act in good faith to attempt to reach a
resolution with the beneficiary on behalf of the borrower within the
((ninety)) 90 days provided from the date the beneficiary initiates
contact with the borrower and the date the notice of default is
issued. A resolution may include, but is not limited to, modification
of the loan, an agreement to conduct a short sale, a deed in lieu of
foreclosure transaction, or some other workout plan.

(b) Nothing in RCW 61.24.031 or this section precludes a meeting
or negotiations between the housing counselor, borrower, and
beneficiary at any time, including after the issuance of the notice
of default.

(c) A borrower who is contacted under RCW 61.24.031 may seek the
assistance of a housing counselor or attorney at any time.

(2) Housing counselors have a duty to act in good faith to assist
borrowers by:

(a) Preparing the borrower for meetings with the beneficiary;

(b) Advising the borrower about what documents the borrower must
have to seek a loan modification or other resolution;

(c) Informing the borrower about the alternatives to foreclosure,
including loan modifications or other possible resolutions; and

(d) Providing other guidance, advice, and education as the
housing counselor considers necessary.

(3) A housing counselor or attorney assisting a borrower may
refer the borrower to mediation, pursuant to RCW 61.24.163, if the
housing counselor or attorney determines that mediation is
appropriate based on the individual circumstances and the borrower
has received a notice of default. The referral to mediation may be
made any time after a notice of default has been issued but no later
than ((twenty days after the date a notice of sale has been

1  ~~recorded~~)) <u>90 days prior to the date of sale listed in the notice of</u>
2  <u>trustee's sale. If an amended notice of trustee's sale is recorded</u>
3  <u>after the trustee sale has been stayed pursuant to RCW 61.24.130, the</u>
4  <u>borrower may be referred to mediation no later than 25 days prior to</u>
5  <u>the date of sale listed in the amended notice of trustee's sale</u>.

6      (4) For borrowers who have received a letter under RCW 61.24.031
7  before June 7, 2012, a referral to mediation by a housing counselor
8  or attorney does not preclude a trustee issuing a notice of default
9  if the requirements of RCW 61.24.031 have been met.

10     (5) Housing counselors providing assistance to borrowers under
11 RCW 61.24.031 are not liable for civil damages resulting from any
12 acts or omissions in providing assistance, unless the acts or
13 omissions constitute gross negligence or willful or wanton
14 misconduct.

15     (6) Housing counselors shall provide information to the
16 department to assist the department in its annual report to the
17 legislature as required under RCW 61.24.163(18). The information
18 provided to the department by the housing counselors should include
19 outcomes of foreclosures and be similar to the information requested
20 in the national foreclosure mortgage counseling client level
21 foreclosure outcomes report form.

22     **Sec. 5.**   RCW 61.24.163 and 2018 c 306 s 6 are each amended to
23 read as follows:

24     (1) The foreclosure mediation program established in this section
25 applies only to borrowers who have been referred to mediation by a
26 housing counselor or attorney. The referral to mediation may be made
27 any time after a notice of default has been issued but no later than
28 ((~~twenty days after the date a notice of sale has been recorded~~)) <u>90</u>
29 <u>days prior to the date of sale listed in the notice of trustee's</u>
30 <u>sale. If an amended notice of trustee's sale is recorded after the</u>
31 <u>trustee sale has been stayed pursuant to RCW 61.24.130, the borrower</u>
32 <u>may be referred to mediation no later than 25 days prior to the date</u>
33 <u>of sale listed in the amended notice of trustee's sale</u>. If the
34 borrower has failed to elect to mediate within the applicable time
35 frame, the borrower and the beneficiary may, but are under no duty
36 to, agree in writing to enter the foreclosure mediation program. The
37 mediation program under this section is not governed by chapter 7.07
38 RCW and does not preclude mediation required by a court or other
39 provision of law.

1   (2) A housing counselor or attorney referring a borrower to
2   mediation shall send a notice to the borrower and the department,
3   stating that mediation is appropriate.
4   (3) Within ((ten)) 10 days of receiving the notice, the
5   department shall:
6   (a) Send a notice to the beneficiary, the borrower, the housing
7   counselor or attorney who referred the borrower, and the trustee
8   stating that the parties have been referred to mediation. The notice
9   must include the statements and list of documents and information
10  described in subsections (4) and (5) of this section and a statement
11  explaining each party's responsibility to pay the mediator's fee; and
12  (b) Select a mediator and notify the parties of the selection.
13  (4) Within ((twenty-three)) 23 days of the department's notice
14  that the parties have been referred to mediation, the borrower shall
15  transmit the documents required for mediation to the mediator and the
16  beneficiary. The required documents include an initial homeowner
17  financial information worksheet as required by the department. The
18  worksheet must include, at a minimum, the following information:
19  (a) The borrower's current and future income;
20  (b) Debts and obligations;
21  (c) Assets;
22  (d) Expenses;
23  (e) Tax returns for the previous two years;
24  (f) Hardship information;
25  (g) Other applicable information commonly required by any
26  applicable federal mortgage relief program.
27  (5) Within ((twenty)) 20 days of the beneficiary's receipt of the
28  borrower's documents, the beneficiary shall transmit the documents
29  required for mediation to the mediator and the borrower. The required
30  documents include:
31  (a) An accurate statement containing the balance of the loan
32  within ((thirty)) 30 days of the date on which the beneficiary's
33  documents are due to the parties;
34  (b) Copies of the note and deed of trust;
35  (c) Proof that the entity claiming to be the beneficiary is the
36  owner of any promissory note or obligation secured by the deed of
37  trust. Sufficient proof may be a copy of the declaration described in
38  RCW 61.24.030(7)(a);
39  (d) The best estimate of any arrearage and an itemized statement
40  of the arrearages;

1    (e) An itemized list of the best estimate of fees and charges
2  outstanding;

3    (f) The payment history and schedule for the preceding twelve
4  months, or since default, whichever is longer, including a breakdown
5  of all fees and charges claimed;

6    (g) All borrower-related and mortgage-related input data used in
7  any net present values analysis. If no net present values analysis is
8  required by the applicable federal mortgage relief program, then the
9  input data required under the federal deposit insurance corporation
10 and published in the federal deposit insurance corporation loan
11 modification program guide, or if that calculation becomes
12 unavailable, substantially similar input data as determined by the
13 department;

14   (h) An explanation regarding any denial for a loan modification,
15 forbearance, or other alternative to foreclosure in sufficient detail
16 for a reasonable person to understand why the decision was made;

17   (i) Appraisal or other broker price opinion most recently relied
18 upon by the beneficiary not more than ((ninety)) 90 days old at the
19 time of the scheduled mediation; and

20   (j) The portion or excerpt of the pooling and servicing agreement
21 or other investor restriction that prohibits the beneficiary from
22 implementing a modification, if the beneficiary claims it cannot
23 implement a modification due to limitations in a pooling and
24 servicing agreement or other investor restriction, and documentation
25 or a statement detailing the efforts of the beneficiary to obtain a
26 waiver of the pooling and servicing agreement or other investor
27 restriction provisions.

28   (6) Within ((seventy)) 70 days of receiving the referral from the
29 department, the mediator shall convene a mediation session in the
30 county where the property is located, unless the parties agree on
31 another location. The parties may agree to extend the time in which
32 to schedule the mediation session. If the parties agree to extend the
33 time, the beneficiary shall notify the trustee of the extension and
34 the date the mediator is expected to issue the mediator's
35 certification.

36   (7)(a) The mediator may schedule phone conferences, consultations
37 with the parties individually, and other communications to ensure
38 that the parties have all the necessary information and documents to
39 engage in a productive mediation.

1    (b) The mediator must send written notice of the time, date, and
2    location of the mediation session to the borrower, the beneficiary,
3    and the department at least ((thirty)) 30 days prior to the mediation
4    session. At a minimum, the notice must contain:

5    (i) A statement that the borrower may be represented in the
6    mediation session by an attorney or other advocate;

7    (ii) A statement that a person with authority to agree to a
8    resolution, including a proposed settlement, loan modification, or
9    dismissal or continuation of the foreclosure proceeding, must be
10   present either in person or on the telephone or videoconference
11   during the mediation session; and

12   (iii) A statement that the parties have a duty to mediate in good
13   faith and that failure to mediate in good faith may impair the
14   beneficiary's ability to foreclose on the property or the borrower's
15   ability to modify the loan or take advantage of other alternatives to
16   foreclosure.

17   (8)(a) The borrower, the beneficiary or authorized agent, and the
18   mediator must meet in person for the mediation session. However, a
19   person with authority to agree to a resolution on behalf of the
20   beneficiary may be present over the telephone or videoconference
21   during the mediation session.

22   (b) After the mediation session commences, the mediator may
23   continue the mediation session once, and any further continuances
24   must be with the consent of the parties.

25   (9) The participants in mediation must address the issues of
26   foreclosure that may enable the borrower and the beneficiary to reach
27   a resolution, including but not limited to reinstatement,
28   modification of the loan, restructuring of the debt, or some other
29   workout plan. To assist the parties in addressing issues of
30   foreclosure, the mediator may require the participants to consider
31   the following:

32   (a) The borrower's current and future economic circumstances,
33   including the borrower's current and future income, debts, and
34   obligations for the previous ((sixty)) 60 days or greater time period
35   as determined by the mediator;

36   (b) The net present value of receiving payments pursuant to a
37   modified mortgage loan as compared to the anticipated net recovery
38   following foreclosure;

39   (c) Any affordable loan modification calculation and net present
40   value calculation when required under any federal mortgage relief

1 program and any modification program related to loans insured by the
2 federal housing administration, the veterans administration, and the
3 rural housing service. If such a calculation is not provided or
4 required, then the beneficiary must provide the net present value
5 data inputs established by the federal deposit insurance corporation
6 and published in the federal deposit insurance corporation loan
7 modification program guide or other net present value data inputs as
8 designated by the department. The mediator may run the calculation in
9 order for a productive mediation to occur and to comply with the
10 mediator certification requirement; and

11 (d) Any other loss mitigation guidelines to loans insured by the
12 federal housing administration, the veterans administration, and the
13 rural housing service, if applicable.

14 (10) A violation of the duty to mediate in good faith as required
15 under this section may include:

16 (a) Failure to timely participate in mediation without good
17 cause;

18 (b) Failure of the borrower or the beneficiary to provide the
19 documentation required before mediation or pursuant to the mediator's
20 instructions;

21 (c) Failure of a party to designate representatives with adequate
22 authority to fully settle, compromise, or otherwise reach resolution
23 with the borrower in mediation; and

24 (d) A request by a beneficiary that the borrower waive future
25 claims he or she may have in connection with the deed of trust, as a
26 condition of agreeing to a modification, except for rescission claims
27 under the federal truth in lending act. Nothing in this section
28 precludes a beneficiary from requesting that a borrower dismiss with
29 prejudice any pending claims against the beneficiary, its agents,
30 loan servicer, or trustee, arising from the underlying deed of trust,
31 as a condition of modification.

32 (11) If the mediator reasonably believes a borrower will not
33 attend a mediation session based on the borrower's conduct, such as
34 the lack of response to the mediator's communications, the mediator
35 may cancel a scheduled mediation session and send a written
36 cancellation to the department and the trustee and send copies to the
37 parties. The beneficiary may proceed with the foreclosure after
38 receipt of the mediator's written confirmation of cancellation.

1  (12) Within seven business days after the conclusion of the
2  mediation session, the mediator must send a written certification to
3  the department and the trustee and send copies to the parties of:
4  (a) The date, time, and location of the mediation session;
5  (b) The names of all persons attending in person and by telephone
6  or videoconference, at the mediation session;
7  (c) Whether a resolution was reached by the parties, including
8  whether the default was cured by reinstatement, modification, or
9  restructuring of the debt, or some other alternative to foreclosure
10 was agreed upon by the parties;
11 (d) Whether the parties participated in the mediation in good
12 faith; and
13 (e) If a written agreement was not reached, a description of any
14 net present value test used, along with a copy of the inputs,
15 including the result of any net present value test expressed in a
16 dollar amount.
17 (13) If the parties are unable to reach an agreement, the
18 beneficiary may proceed with the foreclosure after receipt of the
19 mediator's written certification.
20 (14)(a) The mediator's certification that the beneficiary failed
21 to act in good faith in mediation constitutes a defense to the
22 nonjudicial foreclosure action that was the basis for initiating the
23 mediation. In any action to enjoin the foreclosure, the beneficiary
24 is entitled to rebut the allegation that it failed to act in good
25 faith.
26 (b) The mediator's certification that the beneficiary failed to
27 act in good faith during mediation does not constitute a defense to a
28 judicial foreclosure or a future nonjudicial foreclosure action if a
29 modification of the loan is agreed upon and the borrower subsequently
30 defaults.
31 (c) If an affordable loan modification is not offered in the
32 mediation or a written agreement was not reached and the mediator's
33 certification shows that the net present value of the modified loan
34 exceeds the anticipated net recovery at foreclosure, that showing in
35 the certification constitutes a basis for the borrower to enjoin the
36 foreclosure.
37 (15) The mediator's certification that the borrower failed to act
38 in good faith in mediation authorizes the beneficiary to proceed with
39 the foreclosure.

(16)(a) If a borrower has been referred to mediation before a notice of trustee sale has been recorded, a trustee may not record the notice of sale until the trustee receives the mediator's certification stating that the mediation has been completed. If the trustee does not receive the mediator's certification, the trustee may record the notice of sale after ((ten)) 10 days from the date the certification to the trustee was due. If, after a notice of sale is recorded under this subsection (16)(a), the mediator subsequently issues a certification finding that the beneficiary violated the duty of good faith, the certification constitutes a basis for the borrower to enjoin the foreclosure.

(b) If a borrower has been referred to mediation after the notice of sale was recorded, the sale may not occur until the trustee receives the mediator's certification stating that the mediation has been completed.

(17) A mediator may charge reasonable fees as authorized by this subsection or as authorized by the department. Unless the fee is waived, the parties agree otherwise, or the department otherwise authorizes, a foreclosure mediator's fee may not exceed ((four hundred dollars)) $400 for preparing, scheduling, and conducting a mediation session lasting between one hour and three hours. For a mediation session exceeding three hours, the foreclosure mediator may charge a reasonable fee, as authorized by the department. The mediator must provide an estimated fee before the mediation, and payment of the mediator's fee must be divided equally between the beneficiary and the borrower. The beneficiary and the borrower must tender the loan mediator's fee within ((thirty)) 30 calendar days from receipt of the department's letter referring the parties to mediation or pursuant to the mediator's instructions.

(18) Beginning December 1, 2012, and every year thereafter, the department shall report annually to the legislature on:

(a) The performance of the program, including the numbers of borrowers who are referred to mediation by a housing counselor or attorney;

(b) The results of the mediation program, including the number of mediations requested by housing counselors and attorneys, the number of certifications of good faith issued, the number of borrowers and beneficiaries who failed to mediate in good faith, and the reasons for the failure to mediate in good faith, if known, the numbers of loans restructured or modified, the change in the borrower's monthly

1  payment for principal and interest and the number of principal write-
2  downs and interest rate reductions, and, to the extent practical, the
3  number of borrowers who report a default within a year of
4  restructuring or modification;

5     (c) The information received by housing counselors regarding
6  outcomes of foreclosures; and

7     (d) Any recommendations for changes to the statutes regarding the
8  mediation program.

9     (19) This section does not apply to certain federally insured
10 depository institutions, as specified in RCW 61.24.166.

11    **Sec. 6.**  RCW 61.24.165 and 2021 c 151 s 6 are each amended to
12 read as follows:

13    (1) RCW 61.24.163 applies only to deeds of trust that are
14 recorded against residential real property of up to four units.

15    (2) RCW 61.24.163 does not apply to deeds of trust:

16    (a) Securing a commercial loan;

17    (b) Securing obligations of a grantor who is not the borrower or
18 a guarantor;

19    (c) Securing a purchaser's obligations under a seller-financed
20 sale; or

21    (d) Where the grantor is a partnership, corporation, or limited
22 liability company, or where the property is vested in a partnership,
23 corporation, or limited liability company at the time the notice of
24 default is issued.

25    (3) RCW 61.24.163 does not apply to association beneficiaries
26 subject to chapter 64.32, 64.34, or 64.38 RCW.

27    (4) For purposes of referral and mediation under RCW 61.24.163, a
28 person may be referred to mediation if the borrower is deceased and
29 the person is a successor in interest of the deceased borrower ((who
30 occupies the property as his or her primary residence)). The
31 referring counselor or attorney must determine a person's eligibility
32 under this section and indicate the grounds for eligibility on the
33 referral to mediation submitted to the department. For the purposes
34 of mediation under RCW 61.24.163, the person must be treated as a
35 "borrower." This subsection does not impose an affirmative duty on
36 the beneficiary to accept an assumption of the loan.

37    (5) For purposes of referral and mediation under RCW 61.24.163, a
38 person may be referred to mediation if the person has been awarded
39 title to the property in a proceeding for dissolution or legal

1  separation. The referring counselor or attorney must determine the
2  person's eligibility under this section and indicate the grounds for
3  eligibility on the referral to mediation submitted to the department.
4  For the purposes of mediation under RCW 61.24.163, the person must be
5  treated as a "borrower." This subsection does not impose an
6  affirmative duty on the beneficiary to accept an assumption of the
7  loan.

8      **Sec. 7.**  RCW 61.24.166 and 2021 c 151 s 7 are each amended to
9  read as follows:
10     (1) Beginning on January 1, ((2023)) 2024, the provisions of RCW
11  61.24.163 do not apply to any federally insured depository
12  institution, as defined in 12 U.S.C. Sec. 461(b)(1)(A), that
13  certifies to the department under penalty of perjury that it was not
14  a beneficiary of deeds of trust in more than ((two hundred fifty))
15  250 trustee sales of residential real property of up to four units
16  that occurred in this state during the preceding calendar year. A
17  federally insured depository institution certifying that RCW
18  61.24.163 does not apply must do so annually, beginning no later than
19  January 31, ((2023)) 2024, and no later than January 31st of each
20  year thereafter.
21     (2) During the 2023 calendar year, the provisions of RCW
22  61.24.163 do not apply to any federally insured depository
23  institution, as defined in 12 U.S.C. Sec. 461(b)(1)(A), that
24  certifies to the department under penalty of perjury that it was not
25  a beneficiary of deeds of trust in more than 250 trustee sales of
26  owner-occupied residential real property that occurred in this state
27  during 2019. A federally insured depository institution certifying
28  that RCW 61.24.163 does not apply pursuant to this subsection must do
29  so no later than 30 days after the effective date of this section.
30     (3) This section applies retroactively to January 1, 2023, and
31  prospectively beginning with the effective date of this section.

32     **Sec. 8.**  RCW 61.24.190 and 2021 c 151 s 11 are each amended to
33  read as follows:
34     (1) Except as provided in subsections (6) and (7) of this
35  section, beginning January 1, 2022, and every quarter thereafter,
36  every beneficiary issuing notices of default, or causing notices of
37  default to be issued on its behalf, on residential real property
38  under this chapter must:

1    (a) Report to the department, on a form approved by the
2  department, the total number of residential real properties for which
3  the beneficiary has issued a notice of default during the previous
4  quarter, together with the street address, city, and zip code;

5    (b) Remit the amount required under subsection (2) of this
6  section; and

7    (c) Report and update beneficiary contact information for the
8  person and work group responsible for the beneficiary's compliance
9  with the requirements of the foreclosure fairness act created in this
10  chapter.

11    (2) For each residential real property for which a notice of
12  default has been issued, the beneficiary issuing the notice of
13  default, or causing the notice of default to be issued on the
14  beneficiary's behalf, shall remit $250 to the department to be
15  deposited, as provided under RCW 61.24.172, into the foreclosure
16  fairness account. The $250 payment is required per property and not
17  per notice of default. The beneficiary shall remit the total amount
18  required in a lump sum each quarter.

19    (3) Reporting and payments under subsections (1) and (2) of this
20  section are due within 45 days of the end of each quarter.

21    (4) For purposes of this section, "residential real property"
22  includes residential real property with up to four dwelling units,
23  whether or not the property or any part thereof is owner occupied.

24    (5) The department, including its officials and employees, may
25  not be held civilly liable for damages arising from any release of
26  information or the failure to release information related to the
27  reporting required under this section, so long as the release was
28  without gross negligence.

29    (6)(a) Beginning on January 1, 2023, this section does not apply
30  to any beneficiary or loan servicer that is a federally insured
31  depository institution, as defined in 12 U.S.C. Sec. 461(b)(1)(A),
32  and that certifies under penalty of perjury that it has issued, or
33  has directed a trustee or authorized agent to issue, fewer than 250
34  notices of default in the preceding year.

35    (b) During the 2023 calendar year, this section does not apply to
36  any beneficiary or loan servicer that is a federally insured
37  depository institution, as defined in 12 U.S.C. Sec. 461(b)(1)(A),
38  and that certifies under penalty of perjury that fewer than 50
39  notices of trustee's sale were recorded on its behalf in 2019.

1   (c) This subsection (6) applies retroactively to January 1, 2023,
2   and prospectively beginning with the effective date of this section.

3   (7) This section does not apply to association beneficiaries
4   subject to chapter 64.32, 64.34, or 64.38 RCW.

5   NEW SECTION.  **Sec. 9.**  A new section is added to chapter 61.24
6   RCW to read as follows:

7   (1)(a) The trustee shall continue a foreclosure sale for at least
8   30 days upon receipt of a written notice from the homeowner
9   assistance fund program administered by the Washington state housing
10  finance commission that an application has been submitted to the
11  homeowner assistance fund program on behalf of the applicant.

12  (b) The trustee shall continue the foreclosure sale for an
13  additional 30-day period upon receipt of a written notice from the
14  homeowner assistance fund program that the applicant is deemed
15  eligible for the program.

16  (c) An automated notice issued by the homeowner assistance fund
17  program does not qualify as written notice required in this section.

18  (2)(a) If an application to the homeowner assistance fund program
19  is approved in the amount that would cure the default and make the
20  beneficiary whole, a sale may not proceed while the approved
21  application is pending for payment.

22  (b) A sale may proceed if the homeowner assistance fund program
23  issues a written confirmation that an application has been denied or
24  that no funds from the program will be paid in response to the
25  application, and that any appeal process available to the applicant
26  has been exhausted and is no longer pending.

27  (3) The trustee has no duty to delay a sale if the applicant has
28  already received a continuance based on prior application to the
29  homeowner assistance fund program, unless the applicant demonstrates
30  to the trustee that a new application is pending based upon a
31  substantial change in circumstances supporting a new application and
32  that it has not been submitted solely for the purpose of delaying the
33  sale.

34  (4)(a) The trustee must comply with the process set forth in RCW
35  61.24.040(1) for giving notice of the continued sale.

36  (b) A continuance of a sale pursuant to this section shall not be
37  included in calculating the maximum sale continuance period of 120
38  days established in RCW 61.24.040(10).

39  (5) For purposes of this section, "applicant" means a person who:

1    (a) Is the borrower, a successor in interest to a deceased
2    borrower, or a person who has been awarded title to the property; and
3    (b) Has submitted an application to the homeowner assistance fund
4    program or on whose behalf an application to the program has been
5    submitted.

6    NEW SECTION.  **Sec. 10.**  A new section is added to chapter 61.12
7    RCW to read as follows:
8    (1) It is unlawful for any person to seek or receive from any
9    person or contract with any person for any fee or compensation for
10   locating, or purporting to purchase or otherwise acquire the right to
11   recover, funds held by a court or county that are proceeds from a
12   foreclosure under this chapter and subject to disposition under RCW
13   61.12.150 in excess of:
14   (a) Five percent of the value thereof returned to such owner; and
15   (b) Reasonable attorneys' fees and costs, upon a motion and a
16   hearing by a court of competent jurisdiction.
17   (2) Any person who violates this section is guilty of a
18   misdemeanor and shall be fined not less than the amount of the fee or
19   charge he or she has sought or received or contracted for, and not
20   more than 10 times such amount, or imprisoned for not more than 30
21   days, or both.
22   (3) The legislature finds that the practices covered by this
23   section are matters vitally affecting the public interest for the
24   purpose of applying the consumer protection act, chapter 19.86 RCW.
25   Any violation of this section is not reasonable in relation to the
26   development and preservation of business and is an unfair or
27   deceptive act in trade or commerce and an unfair method of
28   competition for the purpose of applying the consumer protection act,
29   chapter 19.86 RCW. Remedies provided by chapter 19.86 RCW are
30   cumulative and not exclusive.
31   (4) Every contract for any fee or compensation for locating or
32   purporting to purchase the right to recover funds held by a court
33   that are proceeds from a foreclosure under this chapter and subject
34   to disposition under RCW 61.12.150 must contain the following notice
35   in 10-point boldface type or larger directly above the space reserved
36   in the contract for the signature of the buyer:
37   "NOTICE TO HOMEOWNER:
38   (1) Do not sign this contract before you read it or if any spaces
39   intended for the agreed terms are left blank.

1    (2) You are entitled to a copy of this contract at the time you
2    sign it.
3    (3) You may cancel this contract within 10 days of signing by
4    sending notice of cancellation by regular United States mail to the
5    other party at his or her address shown on the contract, which notice
6    shall be posted not later than midnight of the 10th day (excluding
7    Sundays and holidays) following your signing of the contract."

8    **Sec. 11.** RCW 61.24.135 and 2021 c 151 s 5 are each amended to
9    read as follows:
10   (1) It is an unfair or deceptive act or practice under the
11   consumer protection act, chapter 19.86 RCW, for any person, acting
12   alone or in concert with others, to offer, or offer to accept or
13   accept from another, any consideration of any type not to bid, or to
14   reduce a bid, at a sale of property conducted pursuant to a power of
15   sale in a deed of trust. The trustee may decline to complete a sale
16   or deliver the trustee's deed and refund the purchase price, if it
17   appears that the bidding has been collusive or defective, or that the
18   sale might have been void. However, it is not an unfair or deceptive
19   act or practice for any person, including a trustee, to state that a
20   property subject to a recorded notice of trustee's sale or subject to
21   a sale conducted pursuant to this chapter is being sold in an "as-is"
22   condition, or for the beneficiary to arrange to provide financing for
23   a particular bidder or to reach any good faith agreement with the
24   borrower, grantor, any guarantor, or any junior lienholder.
25   (2) It is an unfair or deceptive act in trade or commerce and an
26   unfair method of competition in violation of the consumer protection
27   act, chapter 19.86 RCW, for any person or entity to: (a) Violate the
28   duty of good faith under RCW 61.24.163; (b) fail to comply with the
29   requirements of RCW 61.24.174, as it existed prior to July 1, 2016,
30   61.24.173, or 61.24.190; or (c) fail to initiate contact with a
31   borrower and exercise due diligence as required under RCW 61.24.031.
32   (3)(a) It is unlawful for any person to seek or receive from any
33   person or contract with any person for any fee or compensation for
34   locating, or purporting to purchase or otherwise acquire the right to
35   recover, funds held by a court or county that are proceeds from a
36   foreclosure under this chapter and subject to disposition under RCW
37   61.24.080 in excess of:
38   (i) Five percent of the value thereof returned to such owner; and

1    (ii) Reasonable attorneys' fees and costs, upon a motion and a
2    hearing by a court of competent jurisdiction.
3        (b) Any person who violates (a) of this subsection is guilty of a
4    misdemeanor and shall be fined not less than the amount of the fee or
5    charge he or she has sought or received or contracted for, and not
6    more than 10 times such amount, or imprisoned for not more than 30
7    days, or both.
8        (c) The legislature finds that the practices covered by (a) of
9    this subsection are matters vitally affecting the public interest for
10   the purpose of applying the consumer protection act, chapter 19.86
11   RCW. Any violation of (a) of this subsection is not reasonable in
12   relation to the development and preservation of business and is an
13   unfair or deceptive act in trade or commerce and an unfair method of
14   competition for the purpose of applying the consumer protection act,
15   chapter 19.86 RCW. Remedies provided by chapter 19.86 RCW are
16   cumulative and not exclusive.
17       (4) Every contract for any fee or compensation for locating or
18   purporting to purchase the right to recover funds held by a court
19   that are proceeds from a foreclosure under this chapter and subject
20   to disposition under RCW 61.24.080 must contain the following notice
21   in 10-point boldface type or larger directly above the space reserved
22   in the contract for the signature of the buyer:
23   "NOTICE TO HOMEOWNER:
24       (1) Do not sign this contract before you read it or if any spaces
25   intended for the agreed terms are left blank.
26       (2) You are entitled to a copy of this contract at the time you
27   sign it.
28       (3) You may cancel this contract within 10 days of signing by
29   sending notice of cancellation by regular United States mail to the
30   other party at his or her address shown on the contract, which notice
31   shall be posted not later than midnight of the 10th day (excluding
32   Sundays and holidays) following your signing of the contract."

33       NEW SECTION. **Sec. 12.** (1) Section 9 of this act expires upon
34   the expiration and permanent closure of the homeowner assistance fund
35   program.
36       (2) The Washington state housing finance commission must provide
37   written notice of the expiration date of section 9 of this act to the
38   chief clerk of the house of representatives, the secretary of the

1  senate, the office of the code reviser, and others as deemed
2  appropriate by the commission.

3       NEW SECTION. **Sec. 13.**  Sections 7 through 9 and 12 of this act
4  are necessary for the immediate preservation of the public peace,
5  health, or safety, or support of the state government and its
6  existing public institutions, and take effect immediately.

        Passed by the House April 14, 2023.
        Passed by the Senate April 6, 2023.
        Approved by the Governor May 1, 2023.
        Filed in Office of Secretary of State May 2, 2023.

                        --- **END** ---