Honorable Judge Christopher M. Alston
Chapter 13
Location: Seattle
Hearing Date: January 23, 2025
Hearing Time: 9:30 a.m.

IN THE U.S. BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re

GARY ROSENTHAL,

Debtor(s).

Chapter 13

Case No. 24-12397-CMA

**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY**

Movant Buda Hill, LLC ("Buda Hill") submits this Reply in support of its Motion for Relief from Stay.

1. <u>The trustee's deed was physically delivered under RCW 61.24.050(1) because the trustee executed the Trustee's Deed, it was acknowledged by a notary, and deposited in the US Mail to the purchaser.</u>

Delivery of a trustee's deed under RCW 61.24.050(1) is consistent with Washington's common law requirement that, in order for a deed to be effective, it needs to be delivered. Under Washington law, whether a deed is delivered focuses on the intent of the grantor, and not receipt by the grantee. "[I]t is well settled that, to constitute a valid delivery of a deed, the grantor must not only intend a delivery but part with dominion and control over the deed." *Puckett v. Puckett*, 29 Wn. 2d 15, 18, 185 P.2d 131 (1947). Here, the trustee physically delivered the trustee's deed by physically depositing the deed in the US Mail addressed to the purchaser, thereby giving up possession and control of the trustee's deed.

Debtor does not submit, and there does not exist, any Bill History supporting his claim that the purpose of the 2012 amendment to RCW 61.24.050(1) was to replace an ambiguous term

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY - 1

SCHWEET LINDE & ROSENBLUM, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

of "delivered" and "underscored that receipt of the trustee's deed by the purchaser is the definitive act of conveyance following a nonjudicial foreclosure sale." A post-sale bankruptcy filing by a grantor does not constitute a "procedural irregularity capable of voiding a foreclosure sale." *See*, Debtor's Response at p. 4 incorrectly citing to *In re Nelson*. There is no authority that a grantor can create a procedural irregularity by filing a post-sale bankruptcy.

2. <u>Under RCW 61.24 *et seq.*, the trustee's sale eliminated the Debtor's interest in the Property, regardless of whether the Trustee's Deed was delivered.</u>

Regardless of whether there was physical delivery of the trustee's deed under RCW 61.24.050(1), Buda Hill is still entitled to relief from stay. The Debtor cannot use a chapter 13 bankruptcy to create a post-sale redemption right. The rights of the Debtor in the Property when the petition was filed are governed by the Deed of Trust Act, RCW 61.24 *et seq*. The following provisions of the Deed of Trust Act establish what a borrower/grantor's interest in property are following a trustee's sale- none of which is dependent on the recording of a Trustee's Deed.

(a). RCW 61.24.030(8)(i): the notice of default contains the following statement:

> the effect of the sale of the grantor's property by the trustee will be to deprive the grantor of all their interest in the property described in (a) of this subsection;

(b). RCW 61.24.040(2) at paragraph VIII: The Notice of Trustee's Sale contains the following statement:

> The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their interest in the above-described property.

(c). RCW 61.24.040(4): the Notice of Foreclosure contains the following statement:

> If you do not reinstate the secured obligation and your Deed of Trust in the manner set forth above, or if you do not succeed in restraining the sale by court

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY - 2

SCHWEET LINDE & ROSENBLUM, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 24-12397-CMA    Doc 54    Filed 01/20/25    Ent. 01/20/25 16:20:44    Pg. 2 of 5

action, your property will be sold. <u>The effect of such sale will be to deprive you and all those who hold by, through or under you of all interest in the property;</u>

(d). RCW 61.24.050(1) expressly eliminates any right of redemption after a trustee's sale:

> Upon physical delivery of the trustee's deed to the purchaser, or a different grantee as designated by the purchaser following the trustee's sale, the trustee's deed shall convey all of the right, title, and interest in the real and personal property sold at the trustee's sale which the grantor had or had the power to convey at the time of the execution of the deed of trust, and such as the grantor may have thereafter acquired. Except as provided in subsection (2) of this section, if the trustee accepts a bid, then the trustee's sale is final as of the date and time of such acceptance if the trustee's deed is recorded within fifteen days thereafter. <u>After a trustee's sale, no person shall have any right, by statute or otherwise, to redeem the property sold at the trustee's sale.</u>

Unlike a nonjudicial foreclosure, a judicial foreclosure generally creates a statutory right of redemption for those holding interests that were eliminated by the sheriff's sale. RCW 6.23.010. But Debtor's equitable right to redeem was eliminated at the trustee's sale and no right of redemption survived. Debtor's bankruptcy filing may have stayed recording of the Trustee's Deed, but it did not give the Debtor a right to redeem the Property.

(e). RCW 61.24.060(1) provides that the purchaser (here, Buda Hill) at the trustee's sale shall be entitled to possession of the property on the twentieth day <u>following the sale,</u> as against the borrower and grantor under the deed of trust. This 20-day window starts from the date of the sale, not delivery of the trustee's deed. The 20 days under RCW 61.24.060(1) is not tolled by Debtor's bankruptcy filing and has expired. Movant, as the purchaser of the property at the trustee's sale, is entitled to possession of the Property as against the Debtor.

(f). RCW 61.24.080(1) provides that a trustee shall apply the proceeds of the sale first, to the expense of the sale, then to the obligation secured by the deed of trust, then any surplus is required to be deposited in the court registry. The only proceeds that the Debtor has a potential

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY - 3

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 24-12397-CMA    Doc 54    Filed 01/20/25    Ent. 01/20/25 16:20:44    Pg. 3 of 5

interest in are surplus proceeds under RCW 61.24.080, which the trustee is holding. Disbursing the sale proceeds under RCW 61.24.080(1) is authorized after a trustee's sale, not delivery or recording of a trustee's deed, nor is issuing a trustee's deed a prerequisite.

(g). Except as provided in RCW 61.24.127, the failure to enjoin a trustee's sale results in a waiver of any right to contest the nonjudicial foreclosure sale. *Frizzell v. Murray*, 179 Wn. 2d 301, 313 P.3d 1171 (2013). RCW 61.24.127 preserves certain post-sale claims for residential, owner-occupied foreclosure, but those claims are limited to monetary damages. RCW 61.24.127(1)(c) expressly prohibits a claim that affects in any way the validity or finality of the foreclosure sale or a subsequent transfer of the property.

Under RCW 61.24.050(2)(a), the trustee, beneficiary, or authorized agent for the beneficiary have the ability to declare a trustee's sale void for three limited reasons- error with the trustee foreclosure process, pre-sale agreement to a loan modification or forbearance, or if a beneficiary accepted funds that reinstated or satisfied the loan. Debtor relies heavily on this provision, but it does not give the Debtor any rights- a borrower/grantor has no right to rescind a sale under RCW 61.24.050(2)(a). Furthermore, none of the basis to void the sale are present.

The Bankruptcy Code does not permit the Debtor to avoid the effect of a completed trustee's sale. The Debtor retains no interest in the Property of benefit to himself or the estate, regardless of when the Trustee's Deed is delivered or recorded. In such instances where the purchaser holds equitable title and the debtors retain only bare legal title, cause exists to allow the equitable owner to obtain the legal title. *In re Samaniego*, 224 B.R. 154, 165 (E.D. WA Bankr. 1998).

For the foregoing reasons, Buda Hill respectfully request that the Court enter an order granting it relief from stay pursuant to §§ 362(d)(1) and (d)(2) and waiving the 14-day stay.

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY - 4

*Schweet Linde & rosenblum, PLLC*
575 S. Michigan St.
Seattle, WA 98108
p (206) 275-1010 f (206) 381-0101

| | |
|---|---|
| 1 | DATED: January 20, 2025 |
| 2 | **SCHWEET LINDE & ROSENBLUM, PLLC** |
| 3 | |
| 4 | */s/John A. McIntosh* |
|   | John A. McIntosh, WSBA #43113 |
| 5 | Attorneys for Buda Hill, LLC |

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY - 5